# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE JOHNSON, et al., <br> Plaintiffs, <br><br> v. <br><br> PARSEC, INC., <br> Defendant. | CV 22-6930 DSF (MARx) <br><br> Order DENYING Motion to <br> Remand (Dkt. 17) |

Plaintiffs Tyrone Johnson and Terrence Kennedy move to remand this wage-and-hour class action to state court, claiming that the amount in controversy requirement has not been met.[1]  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.

Under the Class Action Fairness Act, a removing defendant is required to demonstrate by the preponderance of the evidence that the amount in controversy exceeds $5,000,000.  Harris v. KM Indus., Inc., 980 F.3d 694, 699 (9th Cir. 2020).

Plaintiffs first challenge the competence of the evidence presented by Defendant in support of removal, specifically two declarations by

---

[1] Plaintiffs also challenged the timeliness of removal in their moving papers but appear to have abandoned that argument in the reply.  It is apparent that the removal was timely.

Defendant's Director of Human Resources, Jessica Fouse.  Fouse relies on the various payroll records maintained in the normal course of business to provide data on the number of employees, days worked, pay periods worked, start and termination dates, and hourly rates, among other things.  This is the type of information commonly relied on when ruling on a motion to remand, and the Court rejects Plaintiffs' suggestion that Defendant was required to produce the excessively voluminous detailed records that Fouse has summarized for the purposes of this motion.

Based on the information provided by Defendant, the Court has little trouble concluding that the amount in controversy exceeds $5,000,000.  In several places, Plaintiffs argue that Defendant has assumed a 100% violation rate, but this is generally not the case.  This might arguably be the case for the waiting time penalty claim and the wage statement claim, but a 100% violation rate for these claims follows logically from Plaintiffs' allegations.  If the meal and rest break violations regularly occurred and were typical across the class as Plaintiffs have alleged, then necessarily the vast majority, if not all, wage statements would be incorrect and waiting time penalties would apply for any employees who separated from employment because those employees would not have received pay for missed breaks prior to separation.  Any claim to the contrary by Plaintiffs is an attempt to walk back their allegations of a ubiquitous, class-wide pattern of failure to provide meal and rest breaks.

In fact, given the widespread violations alleged by Plaintiffs, the wage statement and waiting time penalty claims alone cause the amount in controversy to exceed $5,000,000, even without any precise calculation of the number of breaks that were not provided.  Any reasonable estimate of the breaks missed would further add to this amount.  Defendant's use of one missed meal break and one missed rest break per employee every two weeks is a very conservative estimate given Plaintiffs' allegations and the calculations further bolster the Court's conclusion that the amount in controversy requirement is met.

The motion to remand is DENIED.

IT IS SO ORDERED.

Date: December 2, 2022

Dale S. Fischer
United States District Judge