Edwin Aiwazian (SBN 232943)
*edwin@calljustice.com*
Elizabeth Parker-Fawley (SBN 301592)
*elizabeth@calljustice.com*
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

TYRONE JOHNSON, TERRENCE KENNEDY, JAMES WALKER, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;

Plaintiffs,

vs.

PARSEC, INC. D/B/A OHIO PARSEC, INC., an Ohio corporation; and DOES 1 through 100, inclusive,

Defendants.

Case No.:  2:22-cv-06930-WLH-MAR

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ.**

(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);
(2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);
(3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);
(4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);
(5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);
(6) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment);
(7) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);
(8) Violation of California Labor Code § 1174(d) (Failure To Keep Requisite Payroll Records);
(9) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses);

(10) Violation of California
Business & Professions Code
§§ 17200, et seq.
(11) Violation of California Labor
Code § 2698, et seq.
(California Labor Code
Private Attorneys General Act
of 2004)

**DEMAND FOR JURY TRIAL**

COME NOW, Plaintiffs TYRONE JOHNSON ("Plaintiff JOHNSON"), TERRENCE KENNEDY ("Plaintiff KENNEDY"), and JAMES WALKER ("Plaintiff WALKER" and collectively with Plaintiffs JOHNSON and KENNEDY as "Plaintiffs"), individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act, and allege as follows:

## JURISDICTION AND VENUE

1.     This class action was originally brought pursuant to the California Code of Civil Procedure section 382.

2.     This Court has asserted jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.     Upon information and belief, Defendant is an Ohio corporation doing business in California, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this District and throughout the State of California. Defendant maintains offices, has agents, and is licensed to transact and does transact business in this District.

## PARTIES

4.     Plaintiff TYRONE JOHNSON is an individual residing in the State of California, County of Los Angeles.

5.     Plaintiff TERRENCE KENNEDY is an individual residing in the State of California, County of Los Angeles.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

6.     Plaintiff JAMES WALKER is an individual residing in the State of California, County of Los Angeles.

7.     Defendant PARSEC, INC. D/B/A OHIO PARSEC, INC., at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Los Angeles.

8.     At all relevant times, Defendant PARSEC, INC. D/B/A OHIO PARSEC, INC. was the "employer" of Plaintiffs within the meaning of all applicable California laws and statutes.

9.     At all times herein relevant, Defendants PARSEC, INC. D/B/A OHIO PARSEC, INC. and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each defendant designated as a DOE herein.

10.     The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiffs who sue said defendants by such fictitious names.  Plaintiffs are informed and believe, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiffs and the other class members as alleged in this Complaint. Plaintiffs will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  11.   PARSEC, INC. D/B/A OHIO PARSEC, INC. and DOES 1 through

2  100 will hereinafter collectively be referred to as "Defendants."

3  12.   Plaintiffs further allege that Defendants including the unknown

4  defendants identified as DOES, directly or indirectly controlled or affected the

5  working conditions, wages, working hours, and conditions of employment of

6  Plaintiffs and the other class members and aggrieved employees so as to make each

7  of said Defendants employers and employers liable under the statutory provisions

8  set forth herein.

9  **CLASS ACTION ALLEGATIONS**

10  13.   Plaintiffs bring this action on their own behalf and on behalf of all

11  other members of the general public similarly situated, and, thus, seek class

12  certification under Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

13  14.   The proposed class is defined as follows:

14  All current and former hourly-paid or non-exempt employees who

15  worked for any of the Defendants within the State of California at any

16  time during the period from August 8, 2018 to September 27, 2023

17  and who reside in California.

18  (Subclass A) All class members who were required by Defendants to

19  stay on Defendants' premises for rest breaks.

20  (Subclass B) All class members who received overtime compensation

21  at a rate lower than their respective regular rate of pay because

22  Defendants       failed      to      include      all     shift    differential

23  pay/commissions/non-discretionary              bonuses/non-discretionary

24  performance pay in the calculation of the regular rate of pay for

25  overtime pay purposes.

26  (Subclass C) All class members who were subject to Defendants'

27  practice of rounding time recorded for purposes of calculating

28  compensation for time worked or for calculating meal periods.

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

15.     Plaintiffs reserve the right to establish additional subclasses as appropriate.

16.     The class is ascertainable and there is a well-defined community of interest in the litigation:

a.   <u>Numerosity</u>: The class members are so numerous that joinder of all class members is impracticable.  The membership of the entire class is unknown to Plaintiffs at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b.   <u>Typicality</u>: Plaintiffs' claims are typical of all other class members' as demonstrated herein.  Plaintiffs will fairly and adequately protect the interests of the other class members with whom they have a well-defined community of interest.

c.   <u>Adequacy</u>: Plaintiffs will fairly and adequately protect the interests of each class member, with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiffs have no interest that is antagonistic to the other class members.  Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiffs have incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.   <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

e.   <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives.  Employers of this great state violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

17.   There are common questions of law and fact as to the class members that predominate over questions affecting only individual members.  The following common questions of law or fact, among others, exist as to the members of the class:

a.   Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

b.   Whether Defendants' had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked and missed (short, late, interrupted, and/or missed altogether) meal periods and rest breaks in violation of California law;

c.   Whether Defendants required Plaintiffs and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiffs and the other class members;

d.   Whether Defendants deprived Plaintiffs and the other class members of meal and/or rest periods or required Plaintiffs and the other class members to work during meal and/or rest periods without compensation;

6

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

e.  Whether Defendants failed to pay minimum wages to Plaintiffs and the other class members for all hours worked;

f.  Whether Defendants failed to pay all wages due to Plaintiffs and the other class members within the required time upon their discharge or resignation;

g.  Whether Defendants failed to timely pay all wages due to Plaintiffs and the other class members during their employment;

h.  Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

i.  Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

j.  Whether Defendants failed to reimburse Plaintiffs and the other class members for necessary business-related expenses and costs;

k.  Whether Defendants' conduct was willful or reckless;

l.  Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

m.  The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

n.  Whether Plaintiffs and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

18.  Class certification of the First through Tenth causes of action is appropriate pursuant to Rule 23(b)(3) because the aforementioned questions of law and fact common to the class predominate over any questions affecting only individual members of the class, and because a class action is superior to other

7

available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices have unlawfully denied Plaintiff and the other class members meal period premiums for all meal periods that were not provided in compliance with the applicable Industrial Welfare Commission ("IWC") Order and California Labor Code, have denied them rest period premiums for all rest periods that were not provided in compliance with the applicable IWC Order and California Labor Code, have denied them minimum wages for all hours worked, have denied them payment of their final wages in a timely manner, have denied them of accurate wage statements in compliance with the California Labor Code, have denied them from getting reimbursed for necessary business related expenses, and amount to unfair competition under California Business and Professions Code Sections 17200 et seq. The damages suffered by individual class members are relatively small compared to the expense and burden of individual prosecution of this litigation. For this reason, as well as the fact that class members currently employed by Defendants may fear direct or indirect retaliation from Defendants for prosecuting an action against Defendants, the class members' interests in individually controlling the prosecution of this action is minimal. In addition, a class action in this forum is desirable as it will eliminate the risk of inconsistent rulings regarding the legality of Defendants' policies, practices, and procedures. Managing this case as a class action will not present difficulties as the parties can utilize approved methods of random statistical sampling and expert testimony at trial.

## PAGA ALLEGATIONS

19.     At all times herein set forth, PAGA was applicable to Plaintiffs' employment by Defendants.

20.     At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the Labor & Workforce Development Agency ((hereinafter "LWDA")

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

21.    Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

22.    Plaintiffs were employed by Defendants and the alleged violations were committed against them during their time of employment and they are, therefore, an aggrieved employee. Plaintiffs and the other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are current or former employees of Defendants, and one or more of the alleged violations were committed against them.

23.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiffs, may pursue a civil action arising under PAGA after the following requirements have been met:

    a.    The aggrieved employee shall give written notice by online submission (hereinafter "Employee's Notice") to the LWDA and by U.S. Certified Mail to the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

    b.    The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within sixty (60) calendar days of the postmark date of the Employee's Notice. Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

9

the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

24. On June 1, 2022, Plaintiff JOHNSON provided written notice by online submission to the LWDA and by U.S. Certified Mail to Defendant PARSEC, INC. D/B/A OHIO PARSEC, INC. of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. Plaintiff JOHNSON did not receive an LWDA Notice within sixty-five (65) calendar days of the date of Plaintiff JOHNSON's notice.

25. On May 23, 2022, Plaintiff KENNEDY provided written notice by online submission to the LWDA and by U.S. Certified Mail to Defendant PARSEC, INC. D/B/A OHIO PARSEC, INC. of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. Plaintiff KENNEDY did not receive an LWDA Notice within sixty-five (65) calendar days of the date of Plaintiff KENNEDY's notice.

26. On June 21, 2023, Plaintiff WALKER provided written notice by online submission to the LWDA and by U.S. Certified Mail to Defendant PARSEC, INC. D/B/A OHIO PARSEC, INC. of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. Plaintiff WALKER did not receive an LWDA Notice within sixty-five (65) calendar days of the date of Plaintiff WALKER's notice.

27. Therefore, Plaintiffs have satisfied the administrative prerequisites under California Labor Code section 2699.3(a) to recover civil penalties against
///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Defendants for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 558, 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802.

**GENERAL ALLEGATIONS**

28.    At all relevant times set forth herein, Defendants employed Plaintiffs and other persons as hourly-paid or non-exempt employees within the State of California, including the County of Los Angeles.

29.    Defendants, jointly and severally, employed Plaintiff JOHNSON as an hourly-paid, non-exempt employee, from approximately August 2019 to the present, in the State of California.

30.    Defendants, jointly and severally, employed Plaintiff KENNEDY as an hourly-paid, non-exempt employee, from approximately December 2019 to approximately April 2020 and from approximately June 2020 to approximately October 2021, in the State of California.

31.    Defendants, jointly and severally, employed Plaintiff WALKER as an hourly-paid, non-exempt employee, from approximately September 2021 to approximately November 2022, in the State of California.

32.    Defendants hired Plaintiffs and the other class members, classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked and missed meal periods and/or rest breaks.

33.    Defendants had the authority to hire and terminate Plaintiffs and the other class members, to set work rules and conditions governing Plaintiffs' and the other class members' employment, and to supervise their daily employment activities.

34.    Defendants exercised sufficient authority over the terms and conditions of Plaintiffs' and the other class members' employment for them to be joint employers of Plaintiffs and the other class members.

35.    Defendants directly hired and paid wages and benefits to Plaintiffs and the other class members.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

36.    Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

37.    Plaintiffs and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

38.    Plaintiffs are informed and believe, and based thereon allege, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees.  This scheme involved, *inter alia*, failing to pay them for all hours worked and for missed (short, late, interrupted, and altogether missed) meal periods and rest breaks in violation of California law.

39.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all overtime hours worked.

40.    Plaintiffs are informed and believe, and based thereon allege, that Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non- discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiffs and the other class members earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same workweek.

41.    Plaintiffs are informed and believe, and based thereon allege, that Defendants failed to provide Plaintiffs and the other class members all required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

42.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive all meal periods or payment of one additional hour of pay

at Plaintiffs' and the other class member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiffs' and the other class member's regular rate of pay when a meal period was missed.

43.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiffs' and the other class members' regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiffs' and the other class members' regular rate of pay when a rest period was missed.

44.     Plaintiffs are informed and believe, and based thereon allege, that Defendants required Plaintiffs and the other class members to remain on Defendants' premises during purported rest periods, thereby failing to relieve them of all employer control.

45.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

46.     Plaintiffs are informed and believe, and based thereon allege, that Defendants rounded the work time recorded by Plaintiffs and the other class members in a manner that was not fair and neutral on its face and/or that favored Defendants over time, resulting in Plaintiffs and the other class members being underpaid for their time worked.

47.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

48.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive all wages owed to them during their employment.  Plaintiffs and the other class members did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under California Labor Code section 204.

49.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants.  The deficiencies included, *inter alia*, the failure to include the total number of hours worked by Plaintiffs and the other class members.

50.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiffs and the other class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

51.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to reimbursement for necessary business-related expenses.

52.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that they had a duty to compensate Plaintiffs and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiffs
///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS
GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

53.     During the relevant time period, Defendants failed to pay overtime wages to Plaintiffs and the other class members for all overtime hours worked. Plaintiffs and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation for all overtime hours worked.

54.     During the relevant time period, Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiffs and the other class members earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same workweek.

55.     During the relevant time period, Defendants failed to provide all requisite uninterrupted meal and rest periods to Plaintiffs and the other class members.

56.     During the relevant time period, Defendants required Plaintiffs and the other class members to remain on Defendants' premises during purported rest periods, thereby failing to relieve them of all employer control.

57.     During the relevant time period, Defendants failed to pay Plaintiffs and the other class members at least minimum wages for all hours worked.

58.     During the relevant time period, Defendants rounded the work time recorded by Plaintiffs and the other class members in a manner that was not fair and neutral on its face and/or that favored Defendants over time, resulting in Plaintiffs and the other class members being underpaid for their time worked.

59.     During the relevant time period, Defendants failed to pay Plaintiffs and the other class members all wages owed to them upon discharge or resignation.

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

60.     During the relevant time period, Defendants failed to pay Plaintiffs and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

61.     During the relevant time period, Defendants failed to provide complete or accurate wage statements to Plaintiffs and the other class members.

62.     During the relevant time period, Defendants failed to keep complete or accurate payroll records for Plaintiffs and the other class members.

63.     During the relevant time period, Defendants failed to reimburse Plaintiffs and the other class members for all necessary business-related expenses and costs.

64.     During the relevant time period, Defendants failed to properly compensate Plaintiffs and the other class members pursuant to California law in order to increase Defendants' profits.

65.     California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

**(Violation of California Labor Code §§ 510 and 1198)**

**(Against PARSEC, INC. D/B/A OHIO PARSEC, INC.**

**and DOES 1 through 100)**

66.     Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 65, and each and every part thereof with the same force and effect as though fully set forth herein.

67.     California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

16

68.    Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiffs and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

69.    The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiffs and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

70.    California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

71.    During the relevant time period, Plaintiffs and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

72.    During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiffs and the other class members.

73.    Defendants' failure to pay Plaintiffs and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

74. Pursuant to California Labor Code section 1194, Plaintiffs and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

**SECOND CAUSE OF ACTION**

**(Violation of California Labor Code §§ 226.7 and 512(a))**

**(Against PARSEC, INC. D/B/A OHIO PARSEC, INC.**

**and DOES 1 through 100)**

75. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 74, and each and every part thereof with the same force and effect as though fully set forth herein.

76. At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiffs' and the other class members' employment by Defendants.

77. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

78. At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

79. At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

80.     During the relevant time period, Plaintiffs and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

81.     During the relevant time period, Plaintiffs and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

82.     During the relevant time period, Defendants intentionally and willfully required Plaintiffs and the other class members to work during meal periods and failed to compensate Plaintiffs and the other class members the full meal period premium for work performed during meal periods.

83.     During the relevant time period, Defendants failed to pay Plaintiffs and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

84.     Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

85.     Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiffs and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

///

///

///

///

**THIRD CAUSE OF ACTION**

**(Violation of California Labor Code § 226.7)**

**(Against PARSEC, INC. D/B/A OHIO PARSEC, INC.**

**and DOES 1 through 100)**

86.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 85, and each and every part thereof with the same force and effect as though fully set forth herein.

87.    At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiffs' and the other class members' employment by Defendants.

88.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

89.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

90.    During the relevant time period, Defendants required Plaintiffs and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

91.    During the relevant time period, Defendants willfully required Plaintiffs and the other class members to work during rest periods and failed to pay Plaintiffs and the other class members the full rest period premium for work performed during rest periods.

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

92.    During the relevant time period, Defendants failed to pay Plaintiffs and the other class members the full rest period premium due pursuant to California Labor Code section 226.7.

93.    Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

94.    Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiffs and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

## FOURTH CAUSE OF ACTION

**(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

**(Against PARSEC, INC. D/B/A OHIO PARSEC, INC.**

**and DOES 1 through 100)**

95.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 94, and each and every part thereof with the same force and effect as though fully set forth herein.

96.    At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

97.    During the relevant time period, Defendants failed to pay minimum wage to Plaintiffs and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

98.    Defendants' failure to pay Plaintiffs and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1.  Pursuant to those sections Plaintiffs and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

99.    Pursuant to California Labor Code section 1197.1, Plaintiffs and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

100.   Pursuant to California Labor Code section 1194.2, Plaintiffs and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## **FIFTH CAUSE OF ACTION**

### **(Violation of California Labor Code §§ 201 and 202)**

### **(Against PARSEC, INC. D/B/A OHIO PARSEC, INC.**

### **and DOES 1 through 100)**

101.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 100, and each and every part thereof with the same force and effect as though fully set forth herein.

102.   At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

103.   During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiffs and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

104.   Defendants' failure to pay Plaintiffs and the other class members who are no longer employed by Defendants' their wages, earned and unpaid, within

///

22

First Amended Class Action Complaint for Damages & Enforcement under the Private Attorneys General Act, California Labor Code § 2698, Et Seq. and Demand for Jury Trial

seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

105.  California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

106.  Plaintiffs and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## SIXTH CAUSE OF ACTION
### (Violation of California Labor Code § 204)
### (Against PARSEC, INC. D/B/A OHIO PARSEC, INC.
### and DOES 1 through 100)

107.  Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 106, and each and every part thereof with the same force and effect as though fully set forth herein.

108.  At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

109.  At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

110.    At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period

111.    During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiffs and the other class members all wages due to them, within any time period permissible under California Labor Code section 204.

112.    Plaintiffs and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

### (Against PARSEC, INC. D/B/A OHIO PARSEC, INC.

### and DOES 1 through 100)

113.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 112, and each and every part thereof with the same force and effect as though fully set forth herein.

114.    At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a

copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

115. Defendants have intentionally and willfully failed to provide Plaintiffs and the other class members with complete and accurate wage statements. The deficiencies include but are not limited to the failure to include the total number of hours worked by Plaintiffs and the other class members.

116. As a result of Defendants' violation of California Labor Code section 226(a), Plaintiffs and the other class members have suffered injury and damage to their statutorily-protected rights.

117. More specifically, Plaintiffs and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

118. Plaintiffs and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

119. Plaintiffs and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h).

///
///
///
///
///
///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**EIGHTH CAUSE OF ACTION**

**(Violation of California Labor Code § 1174(d))**

**(Against PARSEC, INC. D/B/A OHIO PARSEC, INC.**

**and DOES 1 through 100)**

120.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 119, and each and every part thereof with the same force and effect as though fully set forth herein.

121.    Pursuant to California Labor Code section 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case, shall be kept on file for not less than two years.

122.    Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiffs and the other class members.

123.    As a result of Defendants' violation of California Labor Code section 1174(d), Plaintiffs and the other class members have suffered injury and damage to their statutorily-protected rights.

124.    More specifically, Plaintiffs and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code section 1174(d).

///

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### NINTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2800 and 2802)

### (Against PARSEC, INC. D/B/A OHIO PARSEC, INC.

### and DOES 1 through 100)

125.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 124, and each and every part thereof with the same force and effect as though fully set forth herein.

126.    Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

127.    Plaintiffs and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

128.    Defendants have intentionally and willfully failed to reimburse Plaintiffs and the other class members for all necessary business-related expenses and costs.

129.    Plaintiffs and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

### TENTH CAUSE OF ACTION

### (Violation of California Business & Professions Code §§ 17200, et seq.)

### (Against PARSEC, INC. D/B/A OHIO PARSEC, INC.

### and DOES 1 through 100)

130.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 129, and each and every part thereof with the same force and effect as though fully set forth herein.

131.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiffs, other class members, to the general public, and Defendants' competitors.   Accordingly, Plaintiffs seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

132.   Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

133.   A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.   In this instant case, Defendants' policies and practices of requiring employees, including Plaintiffs and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' policies and practices of requiring employees, including Plaintiffs and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).   Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1.   Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiffs and the other class members violate California Labor Code sections 201, 202 and 204. Defendants also violated California Labor Code sections 226(a), 1174(d), 2800 and 2802.

134.   As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

135.   Plaintiffs and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

136.    Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiffs and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences August 8, 2018 through September 27, 2023; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

### ELEVENTH CAUSE OF ACTION

**(Violation of California Labor Code §§ 2698, et seq.)**

**(Against PARSEC, INC. D/B/A OHIO PARSEC, INC.**

**and DOES 1 through 100)**

137.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 136, and each and every part thereof with the same force and effort as though fully set forth herein.

138.    PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

139.    Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

140.    Plaintiffs and the other hourly-paid or non-exempt employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations was committed against them.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

### Failure to Pay Overtime

141.    Defendants' failure to pay legally required overtime wages to Plaintiffs and the other aggrieved employees is in violation of the Wage Orders and constitutes a violation of California Labor Code sections 510 and 1198.

### Failure to Provide Meal Periods

142.    Defendants' failure to provide legally required meal periods to Plaintiffs and the other aggrieved employees is in violation of the Wage Orders and constitutes a violation of California Labor Code sections 226.7 and 512(a).

### Failure to Provide Rest Periods

143.    Defendants' failure to provide legally required rest periods to Plaintiffs and the other aggrieved employees is in violation of the Wage Orders and constitutes a violation of California Labor Code section 226.7.

### Failure to Pay Minimum Wages

144.    Defendants' failure to pay legally required minimum wages to Plaintiffs and the other aggrieved employees is in violation of the Wage Orders and constitutes a violation of California Labor Code sections 1194, 1197 and 1197.1.

### Failure to Timely Pay Wages Upon Termination

145.    Defendants' failure to timely pay wages to Plaintiffs and the other aggrieved employees upon termination in accordance with Labor Code sections 201 and 202 constitutes a violation of California Labor Code sections 201 and 202.

### Failure to Timely Pay Wages During Employment

146.    Defendants' failure to timely pay wages to Plaintiffs and the other aggrieved employees during employment in accordance with Labor Code section 204 constitutes a violation of California Labor Code section 204.

### Failure to Provide Complete and Accurate Wage Statements

147.    Defendants' failure to provide complete and accurate wage statements to Plaintiffs and the other aggrieved employees in accordance with Labor Code section 226(a) constitutes a violation of California Labor Code section 226(a).

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**Failure to Keep Complete and Accurate Payroll Records**

148.    Defendants' failure to keep complete and accurate payroll records relating to Plaintiffs and the other aggrieved employees in accordance with California Labor Code section 1174(d) constitutes a violation of California Labor Code section 1174(d).

**Failure to Reimburse Necessary Business-Related Expenses and Costs**

149.    Defendants' failure to reimburse Plaintiffs and the other aggrieved employees for necessary business-related expenses and costs in accordance with California Labor Code sections 2800 and 2802 constitutes a violation of California Labor Code sections 2800 and 2802.

150.    Pursuant to California Labor Code section 2699, Plaintiffs, individually, and on behalf of all aggrieved employees, requests and is entitled to recover from Defendants and each of them, business expenses, unpaid wages, and/or untimely wages according to proof, interest, attorneys' fees and costs pursuant to California Labor Code section 218.5, as well as all statutory penalties against Defendants, and each of them, including but not limited to:

  a. Penalties under California Labor Code section 2699 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

  b. Penalties under California Code of Regulations Title 8 section 11010, et seq. in the amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation;

  c. Penalties under California Labor Code section 210 in addition to, and entirely independent and apart from, any other penalty

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

provided in the California Labor Code in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation; and

d.    Any and all additional penalties and sums as provided by the California Labor Code and/or other statutes.

151.    Pursuant to California Labor Code section 2699(i), civil penalties recovered by aggrieved employees shall be distributed as follows: seventy-five percent (75%) to the Labor and Workforce Development Agency for the enforcement of labor laws and education of employers and employees about their rights and responsibilities and twenty-five percent (25%) to the aggrieved employees.

152.    Further, Plaintiffs are entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code sections 210, 218.5 and 2699 and any other applicable statute.

## DEMAND FOR JURY TRIAL

Plaintiffs, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act, requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually, and on behalf of all other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act, prays for relief and judgment against Defendants, jointly and severally, as follows:

## Class Certification

1.    That this action be certified as a class action;

2.    That Plaintiffs be appointed as the representatives of the Class;

32

1    3.    That counsel for Plaintiffs be appointed as Class Counsel; and

2    4.    That Defendants provide to Class Counsel immediately the names and

3  most current/last known contact information (address, e-mail and telephone

4  numbers) of all class members.

5                    **As to the First Cause of Action**

6    5.    That the Court declare, adjudge and decree that Defendants violated

7  California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by

8  willfully failing to pay all overtime wages due to Plaintiffs and the other class

9  members;

10    6.    For general unpaid wages at overtime wage rates and such general and

11  special damages as may be appropriate;

12    7.    For pre-judgment interest on any unpaid overtime compensation

13  commencing from the date such amounts were due;

14    8.    For reasonable attorneys' fees and costs of suit incurred herein

15  pursuant to California Labor Code section 1194;

16    9.    For civil penalties pursuant to California Labor Code sections 2699(a),

17  (f), and (g); and

18    10.    For such other and further relief as the Court may deem just and

19  proper.

20                    **As to the Second Cause of Action**

21    11.    That the Court declare, adjudge and decree that Defendants violated

22  California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders

23  by willfully failing to provide all meal periods (including second meal periods) to

24  Plaintiffs and the other class members;

25    12.    That the Court make an award to Plaintiffs and the other class

26  members of one (1) hour of pay at each employee's regular rate of compensation

27  for each workday that a meal period was not provided;

28  ///

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

13.    For all actual, consequential, and incidental losses and damages, according to proof;

14.    For premium wages pursuant to California Labor Code section 226.7(c);

15.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

16.    For reasonable attorneys' fees and costs of suit incurred herein;

17.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

18.    For such other and further relief as the Court may deem just and proper.

## As to the Third Cause of Action

19.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiffs and the other class members;

20.    That the Court make an award to Plaintiffs and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

21.    For all actual, consequential, and incidental losses and damages, according to proof;

22.    For premium wages pursuant to California Labor Code section 226.7(c);

23.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

24.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

25.    For such other and further relief as the Court may deem just and proper.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### As to the Fourth Cause of Action

26.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiffs and the other class members;

27.    For general unpaid wages and such general and special damages as may be appropriate;

28.    For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiffs and the other class members in the amount as may be established according to proof at trial;

29.    For pre-judgment interest on any unpaid compensation from the date such amounts were due;

30.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

31.    For liquidated damages pursuant to California Labor Code section 1194.2;

32.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

33.    For such other and further relief as the Court may deem just and proper.

### As to the Fifth Cause of Action

34.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiffs and the other class members no longer employed by Defendants;

35.    For all actual, consequential, and incidental losses and damages, according to proof;

///

///

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

36.   For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiffs and the other class members who have left Defendants' employ;

37.   For pre-judgment interest on any unpaid compensation from the date such amounts were due;

38.   For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

39.   For such other and further relief as the Court may deem just and proper.

### As to the Sixth Cause of Action

40.   That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204 to Plaintiffs and the other class members;

41.   For all actual, consequential, and incidental losses and damages, according to proof;

42.   For pre-judgment interest on any unpaid compensation from the date such amounts were due;

43.   For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

44.   For such other and further relief as the Court may deem just and proper.

### As to the Seventh Cause of Action

45.   That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiffs and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

///

46.   For actual, consequential and incidental losses and damages, according to proof;

47.   For statutory penalties pursuant to California Labor Code section 226(e);

48.   For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h);

49.   For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

50.   For such other and further relief as the Court may deem just and proper.

### As to the Eighth Cause of Action

51.   That the Court declare, adjudge and decree that Defendants violated California Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records for Plaintiffs and the other class members as required by California Labor Code section 1174(d);

52.   For actual, consequential and incidental losses and damages, according to proof;

53.   For statutory penalties pursuant to California Labor Code section 1174.5;

54.   For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

55.   For such other and further relief as the Court may deem just and proper.

### As to the Ninth Cause of Action

56.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiffs and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

57.    For actual, consequential and incidental losses and damages, according to proof;

58.    For the imposition of civil penalties and/or statutory penalties;

59.    For reasonable attorneys' fees and costs of suit incurred herein;

60.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

61.    For such other and further relief as the Court may deem just and proper.

## As to the Tenth Cause of Action

62.    That the Court decree, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiffs and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiffs and the other class members, failing to pay at least minimum wages to Plaintiffs and the other class members, failing to pay Plaintiff's and the other class members' wages timely as required by California Labor Code section 201, 202 and 204 and by violating California Labor Code sections 226(a), 1174(d), 2800 and 2802.

63.    For restitution of unpaid wages to Plaintiffs and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

64.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, et seq.;

65.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

66.    For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.; and

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

67.    For such other and further relief as the Court may deem just and proper.

### As to the Eleventh Cause of Action

68.    For civil penalties and wages pursuant to California Labor Code sections 2699(a), (f) and (g) and 558 plus costs and attorneys' fees for violation of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802; and

69.    For such other and further relief as the Court may deem equitable and appropriate.

Dated: November 15, 2024

**LAWYERS *for* JUSTICE, PC**

By: _____
Elizabeth Parker-Fawley
*Attorneys for* Plaintiffs