1  Edwin Aiwazian (SBN 232943)
   Elizabeth Parker-Fawley (SBN 301592)
2  **LAWYERS *for* JUSTICE, PC**
   410 West Arden Avenue, Suite 203
3  Glendale, California 91203
   Tel: (818) 265-1020 / Fax: (818) 265-1021
4
   *Attorneys for* Plaintiffs Tyrone Johnson,
5  Terrence Kennedy, and James Walker
6
7
8              **UNITED STATES DISTRICT COURT**
9              **CENTRAL DISTRICT OF CALIFORNIA**
10 TYRONE JOHNSON, TERRENCE          Case No. 2:22-cv-06930-AH-MAR
   KENNEDY; individually, and on
11 behalf of other members of the    Honorable Anne Hwang
   general public similarly situated and
12 on behalf of other aggrieved       **CLASS ACTION**
   employees pursuant to the California
13 Private Attorneys General Act;     **PLAINTIFFS' NOTICE OF MOTION
                                      AND MOTION FOR PRELIMINARY**
14              Plaintiffs,           **APPROVAL OF CLASS ACTION
                                      SETTLEMENT AND APPROVAL OF**
15     v.                            **PAGA SETTLEMENT;
                                      MEMORANDUM OF POINTS AND**
16 PARSEC, INC., D/B/A/ OHIO          **AUTHORITIES IN SUPPORT**
   PARSEC, INC., an Ohio corporation; **THEREOF**
17 and DOES 1 through 100, inclusive,
                                      [Filed concurrently with Declaration of
18              Defendants.           Proposed Class Counsel (Elizabeth Parker-
                                      Fawley); Declarations of Proposed Class
19                                    Representatives (Tyrone Johnson, Terrence
20                                    Kenndy, and James Walker); and [Proposed]
                                      Order]
21
22
23                                    Date:       February 5, 2025
                                      Time:       1:30 PM
24                                    Courtroom:  7D
25                                    Complaint Filed:  August 5, 2022
26                                    FAC Filed:        November 15, 2024
                                      Trial Date:       None Set
27
28

*(left margin, vertical text)* **LAWYERS *for* JUSTICE, PC** 410 West Arden Avenue, Suite 203 Glendale, California 91203

---

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND APPROVAL OF PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 5, 2025 at 1:30 PM, or as soon thereafter as the matter may be heard before the Honorable Anne Hwang in Courtroom 7D of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, Plaintiffs Tyrone Johnson, Terrence Kennedy and James Walker ("Plaintiffs" or "Class Representatives") will, and hereby do, move for an order:

- Granting preliminary approval of the proposed class action settlement described herein and as set forth in the Class Action and PAGA Settlement Agreement ("Settlement," "Agreement," or "Settlement Agreement"), attached as "**EXHIBIT 1**" to the Declaration of Elizabeth Parker-Fawley, including, but not limited to, the means of allocation and distribution of funds, including and not limited to, Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment, Class Representative Service Payments, and Administration Expenses Payment;

- Granting approval of the PAGA Settlement, including the allocations for penalties under the California Labor Code Private Attorneys General Act of 2004 ("PAGA Penalties");

- Conditionally certifying the Class for settlement purposes;

- Preliminarily appointing Plaintiffs Tyrone Johnson, Terrence Kennedy, and James Walker as Class Representatives;

- Preliminarily appointing Edwin Aiwazian, Esq. and Elizabeth Parker-Fawley, Esq. of Lawyers *for* Justice, PC as Class Counsel;

- Approving the proposed Court Approved Notice of Class Action Settlement and Hearing Date for Final Court Approval ("Class Notice"), attached as "**EXHIBIT A**," to the [Proposed] Order Granting Preliminary Approval of Class Action Settlement;

- Directing the mailing of the Class Notice to the Class Members;

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

- Approving the proposed deadlines for the notice and settlement administration process;

- Approving Phoenix Class Action Administration Solutions as the Administrator; and

- Scheduling a hearing to consider whether to grant final approval of the Settlement, at which time the Court will also consider whether to grant final approval of the requests for Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment, Class Representative Service Payments, Administration Expenses Payment, and allocation for the PAGA Penalties.

This motion is based upon the following memorandum of points and authorities; the Settlement Agreement; the Declaration of Proposed Class Counsel (Elizabeth Parker-Fawley); the Declarations of Proposed Class Representatives (Tyrone Johnson, Terrence Kennedy, and James Walker) in support thereof; as well as the pleadings and other records on file with the Court in this matter, and such evidence and oral argument as may be presented at the hearing on this motion.

Dated: December 16, 2024

**LAWYERS *for* JUSTICE, PC**

By: _____

Elizabeth Parker-Fawley
*Attorneys for* Plaintiffs Tyrone Johnson, Terrence Kennedy, and James Walker

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

## **TABLE OF CONTENTS**

2    I.    SUMMARY OF MOTION ........................................................................... 1

3    II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY ................ 2

4    III.    SUMMARY OF THE SETTLEMENT TERMS ........................................ 4

5        A.    The Class for Settlement Purposes ..................................................... 4

6        B.    Essential Terms of the Settlement ...................................................... 4

7        C.    Calculation and Range of Individual Class Payments and

8            Individual PAGA Payments ................................................................ 6

9        D.    Settlement Opt-Out and Objection Procedures ................................... 7

10        E.    Scope of the Released Class Claims and Released PAGA Claims ...... 8

11    IV.    THE LEGAL STANDARD FOR PRELIMINARY APPROVAL OF A

12        CLASS ACTION SETTLEMENT .......................................................... 9

13    V.    THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED ....... 10

14        A.    The Settlement Resulted from Arm's Length Negotiations and

15            Extensive Investigation and Discovery ............................................ 10

16        B.    The Settlement Is Fair, Reasonable, and Adequate ......................... 11

17            1.    The Settlement Fairly Allocates and Distributes Payment ....... 13

18            2.    The Settlement Is Within the Range of Possible Approval ...... 13

19    VI.    APPOINTMENT OF CLASS REPRESENTATIVES AND

20        CONTEMPLATED SERVICE PAYMENTS ........................................... 13

21    VII.    APPOINTMENT OF CLASS COUNSEL AND CONTEMPLATED

22        ATTORNEYS' FEES AND COSTS ...................................................... 15

23    VIII.    CERTIFICATION OF THE PROPOSED CLASS IS APPROPRIATE

24        UNDER RULE 23 ................................................................................ 16

25        A.    Numerosity ....................................................................................... 17

26        B.    Commonality .................................................................................... 17

27        C.    Typicality .......................................................................................... 18

28        D.    Adequacy of Representation ............................................................. 18

        E.    Predominance and Superiority .......................................................... 19

**LAWYERS for JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

IX.    ADEQUACY OF THE METHOD OF NOTICE ........................................20

X.    APPOINTMENT OF THE ADMINISTRATOR AND

CONTEMPLATED ADMINISTRATION EXPENSES PAYMENT..........21

XI.    CONCLUSION ..................................................................................23

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Acosta v. Trans Union, LLC, 243 F.R.D. 377 (C.D. Cal. 2007)* ................................10

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) ...............................................19

*Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001) .....................................................18

*Bellinghausen v. Tractor Supply Co.,* 306 F.R.D. 245 (N.D. Cal. Mar. 19, 2015) .....14

*Blackie v. Barrack*, 524 F.2d 891 (9th Cir. 1975), *cert denied*, 429 U.S. 816 (1976) .....17

*Carr v. Tadin, Inc.,* 51 F. Supp. 3d 970 (S.D. Cal. 2014) ...........................................14

*Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004) ...............................20

*Class Plaintiffs v. City of Seattle, 955 F.2d 1268 (9th Cir. 1992)*................................9

*Covillo v. Specialty's Café,* No. C-11-00594 DMR, 2014 WL 954516 (N.D. Cal. Mar. 6, 2014)................................................................................................................14

*Dukes v. Wal-Mart, Inc.*, 564 U.S. 338 (2011)............................................................17

*Elsen v. Carlisle & Jacqueline*, 417 U.S. 156 (1974) ....................................................21

*Hanlon v. Chrysler Corp., 150 F.3d 1011 (9th Cir. 1998)*................................passim

*Harris v. Vector Mktg. Corp.,* No. 08-cv-5198-EMC, 2011 WL 1627973 (N.D. Cal. Apr. 29, 2011)........................................................................................................10

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) .................................................................15

*Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. 165 (1989) .........................................20

*In re Badger Mountain Irr. Dist. Sec. Litig.*, 143 F.R.D. 693 (W.D. Wash. 1992).....17

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2000)........................14, 18

*In re Tableware Antitrust Litig., 484 F. Supp. 2d 1078 (N.D. Cal. 2007)* ...................9

*In re Toys "R" Us-Del., Inc. FACTA Litig.*, 295 F.R.D. 438 (C.D. Cal. 2014) .............14

*Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358 (S.D.N.Y. 2002)................13

*Mazza v. Am. Honda Motor Co.*, 254 F.R.D. 610 (C.D. Cal. 2008), rev'd on other grounds, 666 F.581 (9th Cir. 2012) ....................................................................17

*Murillo v. Pac. Gas & Elec. Co., 266 F.R.D. 468 (E.D. Cal. Mar. 4, 2010)*..............10

*Nat'l Rural Telecomms. Co-op. v. DIRECTV, Inc.,* 221 F.R.D. 523, 525 (C.D. Cal. 2004) .......................................................................................................9, 10

*Nguyen v. Radient Pharm. Corp.*, No. 11-cv-00406, 2014 WL 1802293 (C.D. Cal. May 6, 2014) ........................................................................................................13

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

iv

*Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268 (9th Cir. 1989) ...................16

*Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841 (E.D. Cal. Nov. 14, 2007)16

*Schaefer v. Overland Express Family of Funds*, 169 F.R.D. 124 (S.D. Cal. 1996) ....20

*Singer v. Becton Dickinson and Co.*, 2010 WL 2196104 (S.D. Cal. June 1, 2010) ........16

*Staton v. Boeing,* 327 F.3d 938 (9th Cir. 2003) ...........................................14

*Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227 (9th Cir. 1996)...............................17

*Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294 (N.D. Cal. 1995) ........................14

*Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482 (E.D. Cal. 2010).....................16

*Villegas v. J.P. Morgan Chase & Co.,* No. CV 09-00261 SBA (EMC), 2012 WL 5878390 (N.D. Cal. Nov. 21, 2012) ..................................................11

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002)................................15, 16

*Welmer v. Syntex*, 117 F.R.D. 641 (N.D. Cal. 1987) ................................................18

**Statutes**

Cal. Lab. Code § 2699 ...............................................................................13

**Rules**

Fed. R. Civ. P. 23.............................................................................passim

**Treatises**

*Manual for Complex Litig., Fourth* § 21.132 .............................................18

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    SUMMARY OF MOTION

Plaintiffs Tyrone Johnson and Terrence Kennedy, and Plaintiff James Walker, (collectively, "Plaintiffs" or "Class Representatives") seek preliminary approval of the Class Action and PAGA Settlement Agreement ("Settlement," "Agreement," or "Settlement Agreement") entered into by and between Plaintiffs, individually and on behalf of all others similarly situated and other aggrieved employees and the State of California, on the one hand, and Defendant Parsec, Inc. dba Ohio Parsec, Inc. ("Defendant"), on the other hand. Subject to approval by the Court, Plaintiffs and Defendant (collectively, the "Parties") have agreed to settle this lawsuit for a Gross Settlement Amount of $4,476,098.00.[1]

The Gross Settlement Amount includes the following: (1) Individual Class Payments to Participating Class Members; (2) employees' share of payroll taxes with respect to the wage portion of Individual Class Payments; (3) Class Representative Service Payments to Plaintiffs; (4) attorneys' fees and reimbursement of any actual litigation costs and expenses (collectively, "Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment") to Class Counsel; (5) penalties allocated under the California Labor Code Private Attorneys General Act of 2004 ("PAGA Penalties"); and (6) Administration Expenses Payment to the Administrator.

Plaintiffs also seek to provisionally certify the following Class for settlement purposes, which Defendant does not oppose: All current and former non-exempt or hourly-paid employees employed by Defendant in the State of California who worked for Defendant at any time during the Class Period. The Class is estimated to consist of approximately 2,522 individuals as of June 29, 2023, the date of the mediation. Class Members who do not submit a timely and valid Request for Exclusion ("Participating Class Members") will receive a share of the Net Settlement Amount on a *pro rata* basis, based upon the number of weeks each Class Member worked for Defendant

---

[1] Declaration of Elizabeth Parker-Fawley ("Parker-Fawley Decl.") Ex. 1, § 3.1.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

during the period from August 8, 2018 through September 27, 2023 ("Class Period") in the State of California as hourly-paid or non-exempt employees ("Workweeks"). The Net Settlement Amount refers to the Gross Settlement Amount, less the following amounts, subject to approval by the Court: (1) Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment; (2) Administration Expenses Payment; (3) Class Representative Service Payments; and (4) PAGA Penalties.

Plaintiffs additionally represent a group of all hourly-paid or non-exempt employees employed by the Defendant in the State of California who worked for Defendant at any time during the PAGA Period ("Aggrieved Employees"). Aggrieved Employees who were employed by Defendant during the period from June 1, 2021 through September 27, 2023 ("PAGA Period") will receive a *pro rata* share of 25% of the PAGA Penalties (i.e., $125,000) based on the number of PAGA Pay Periods credited to each of them ("Individual PAGA Payment"). The term PAGA Pay Periods refers to the number of pay periods during which an Aggrieved Employee worked for Defendant for at least one day during the PAGA Period. The remaining 75% of the PAGA Penalties (i.e., $375,000) shall be paid to the California Labor and Workforce Development Agency ("LWDA"). The Aggrieved Employees are estimated to include 1,596 employees as of June 29, 2023, the date of the mediation. The Settlement resolves the Released Class Claims of Plaintiffs and Participating Class Members and the Released PAGA Claims of Plaintiffs and the Aggrieved Employees against the Released Parties.

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Defendant is an intermodal transportation company. Plaintiffs are former employees of Defendant. Declaration of James Walker ("Walker Decl.") ¶ 2; Declaration of Tyrone Johnson ("Johnson Decl.") ¶ 2; Declaration of Terrence Kennedy ("Kennedy Decl.") ¶ 2.

On August 5, 2022, Plaintiffs Tyrone Johnson and Terrence Kennedy filed a Complaint for Enforcement Under the Private Attorneys General Act, California Labor

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Code § 2698, Et Seq. ("PAGA Action") against Defendant in the Los Angeles County Superior Court, Case No. 22STCV25427. On August 8, 2022, Plaintiffs Tyrone Johnson and Terrence Kennedy filed a Class Action Complaint for Damages against Defendant in the Los Angeles Superior Court, Case No. 22STCV25562 ("the Class Action," and together with the PAGA Action, the "Actions" or "Action").

On September 26, 2022, Defendant removed the Class Action to the United States District Court for the Central District of California (the "Court"), and the case is assigned case number 2:22-cv-06930-AH-MAR. On July 23, 2024, the Parties filed a Joint Stipulation and [Proposed] Order to Lift Stay and Grant Leave for Plaintiffs to file a First Amended Class Action Complaint for Damages & Enforcement under the Private Attorneys General Act, California Labor Code § 2698, Et Seq. in order to consolidate the PAGA Action into the Class Action, as well as add James Walker as a named plaintiff, PAGA representative, and putative class representative in accordance with the terms of the Settlement, and to seek approval of the entire Settlement in one forum. (Doc No. 47).

Plaintiffs' core allegation is that Defendant has violated the California Labor Code by engaging in a uniform practice and procedure, with respect to Plaintiffs, the Class Members, and Aggrieved Employees, of, *inter alia*, failing to pay all overtime and minimum wages due and owed, failing to provide compliant meal period and rest periods and associated premium pay, failing to timely pay wages during employment and upon termination, failing to provide compliant wage statements, failing to maintain requisite payroll records, failing to reimburse necessary business expenses and, thereby, engaged in unfair business practices under the California Business and Professions Code and owes penalties recoverable under PAGA. Plaintiffs contend that they, along with the Class Members and Aggrieved Employees, are entitled to, *inter alia*, unpaid wages, penalties (including, and not limited to, penalties pursuant to PAGA), and attorneys' fees and costs.

///

Defendant has denied, and continues to deny, any liability and wrongdoing of any kind associated with any of the allegations in the Action, and further denies that the Action is appropriate for representative adjudication or class treatment for any purpose other than for settlement purposes.

The Parties have actively litigated this matter since the Action was commenced. The Parties have conducted significant formal and informal discovery and investigation into the claims. Both sides have propounded and responded to multiple sets of formal written discovery requests in various forms. Class Counsel also prepared for and took the depositions of Defendant's Persons Most Knowledgeable and prepared for and defended the deposition of Plaintiff Johnson. The Parties engaged in extensive discussions about the strengths and weaknesses of Plaintiffs' claims, and Defendant's defenses thereto, to try to resolve the Action. Ultimately, the Parties reached the proposed Settlement described herein to resolve this Action in its entirety.

## III.    SUMMARY OF THE SETTLEMENT TERMS

### A.    The Class for Settlement Purposes

For settlement purposes only, the Parties agree to class action certification of the following Class, consisting of approximately 2,522 individuals as of June 29, 2023:

> All current and former non-exempt or hourly-paid employees employed by Defendant in the State of California who worked for Defendant at any time during the Class Period. Ex. 1, § 1.5.

As discussed in § VIII, *infra*, class certification is appropriate with respect to the Settlement and resolution of the Released Claims. *Id*., §§ 5.1 & 5.2.

Plaintiffs additionally represent a group of all hourly-paid or non-exempt employees employed by the Defendant in the State of California who worked for Defendant at any time during the PAGA Period ("Aggrieved Employees"). *Id*., § 1.4. The Aggrieved Employees are estimated to include 1,596 employees as of June 29, 2023. *Id*., § 4.1.

### B.    Essential Terms of the Settlement

The Settlement provides for a Gross Settlement Amount of $4,476,098.00. Ex.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1, § 3.1. The Settlement provides that should the number of Workweeks for the period of August 8, 2018 through September 27, 2023 increases beyond 274,612 by more than 10% (i.e., the Workweeks for the period referenced are actually more than 302,073.20), then Defendant will have the option to either increase the Gross Settlement Amount above the 10% on a proportional basis to the extent the threshold is exceeded (i.e., if the number of workweeks increase by 11%, Defendant shall increase the Gross Settlement Amount by 1%) or cut off the Class Period as of the date the workweeks increased by more than 10%. *Id.*, § 8.

Under the terms of the Settlement, the Net Settlement Amount is the Gross Settlement Amount, less the following amounts subject to approval by the Court: (1) attorneys' fees in an amount not to exceed 35% of the Gross Settlement Amount (i.e., $1,566,634.30) ("Class Counsel Fees Payment"), and reimbursement of litigation costs and expenses in an amount not to exceed $50,000.00 to Class Counsel ("Class Counsel Litigation Expenses Payment"); (2) payments to the Class Representatives in an amount not to exceed $15,000.00 for Class Representative Tyrone Johnson, $12,500.00 for Class Representative Terrence Kennedy, and $7,500.00 for Class Representative James Walker ("Class Representative Service Payments"); (3) settlement administration costs, which are currently estimated not to exceed $20,000.00, to the Administrator ("Administration Expenses Payment"); and (4) the amount of $500,000.00 allocated to penalties under the PAGA ("PAGA Penalties"), of which 75% (i.e., $375,000.00) will be distributed to the LWDA ("LWDA PAGA Payment") and 25% (i.e., $125,000.00) will be distributed to Aggrieved Employees ("Individual PAGA Payments"). Ex. 1, §§ 3.2.1, 3.2.2, 3.2.3, & 3.2.5.

Assuming that the amounts allocated under the Settlement toward these payments are awarded in full, the Net Settlement Amount is currently estimated to be $2,304,463.70, subject to increase based on Class Counsel's actual and approved litigation costs and expenses. Parker-Fawley Decl. ¶ 13. The Net Settlement Amount will be distributed as Individual Class Payments to those Class Members who do not

submit a timely and valid Request for Exclusion ("Participating Class Members"). Ex. 1, § 3.2.4. Each Participating Class Member's Individual Class Payments will be the *pro rata* share of the Net Settlement Amount calculated according to the number of Workweeks worked during the Class Period. *Id.*, § 3.2.4.  The entire Net Settlement Amount will be distributed to Participating Class Members.

### C. <u>Calculation and Range of Individual Class Payments and Individual PAGA Payments</u>

The Administrator will calculate each Participating Class Member's Individual Class Payments, in accordance with the Settlement Agreement and as follows:

a. The Administrator will calculate the number of Individual Workweeks for each Individual Class Member and the total number of Workweeks worked by all Class Members ("Class Workweeks"). *Id.*, § 7.4.1.

b. The Administrator will use the following formula: Estimated Individual Class Payments = (Individual Workweeks ÷ Class Workweeks) x Net Settlement Amount. *Id.*, § 3.2.4

c. If any Class Members submit timely and valid Requests for Exclusion, the Administrator will proportionately increase the Individual Class Payments of each Participating Class Member to ensure that the entire Net Settlement Amount is distributed to Participating Class Members. *Id.*, § 3.4.2 (erroneously numbered 3.2.5.2).

Each Aggrieved Employee will be entitled to their Individual PAGA Payment based on the number of PAGA Pay Periods credited to each of them, in accordance with the Settlement Agreement. *Id.*, § 3.2.4.1 (erroneously numbered 3.2.5.1). Aggrieved Employees cannot opt out of the PAGA portion of the Settlement. *Id.*, §§ 7.5.4., 7.7.4.

Each Participating Class Member's Individual Class Payment will be allocated as follows: 15% to wages, which will be reported on an IRS Form W-2, and 85% non-wages for interest and penalties, which will be reported on an IRS Form 1099. Ex. 1, § 3.2.5.1. Participating Class Members will be issued their Individual Class Payments subject to reduction for the employees' share of taxes and withholdings with respect to the wage portion of each Individual Class Payment. *Id.*, § 3.2.4.1 (erroneously numbered 3.2.5.1). The employer's share of payroll taxes with respect to the wage portion of the Individual Class Payments will be paid by Defendant separately and in addition to the Gross Settlement Amount. *Id.*, § 3.1.

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### D.     Settlement Opt-Out and Objection Procedures

A Class Member who wishes to be excluded from the Settlement of Released Class Claims must timely submit a valid Request for Exclusion to the Administrator. *Id.*, § 7.5.1. To be timely, the Class Member must mail, email, or fax a Request for Exclusion to the Administrator postmarked, emailed, or fax-stamped on or before the date that is 45 days from the mailing of the Class Notice or, in the case of re-mailed Class Notice, 59 days from the original mailing of the Class Notice ("Response Deadline"). *Id.* A Request for Exclusion must: (a) contain the name, address, telephone number, and last four digits of the Social Security number of the Class Member requesting exclusion from the Class Settlement; (b) reasonably communicate that the Class Member elects to be excluded from the Class Settlement; (c) be returned by fax, email, or mail to the Administrator at the specified address and/or facsimile number; and (d) be faxed, emailed, or postmarked on or before the Response Deadline. *Id.*

The Administrator may not reject a Request for Exclusion as invalid because it fails to contain all the information specified in the Class Notice. *Id.*, § 7.5.2. The Administrator shall accept any Request for Exclusion as valid if the Administrator can reasonably ascertain the identity of the person as a Class Member and the Class Member's desire to be excluded. *Id.*, § 7.5.2 Any Class Member who is properly excluded from the Class Settlement will not be a Participating Class Member, will not be entitled to receive an Individual Class Payment, will not be bound by the Class Settlement, and will not have any right to object, appeal, or comment thereon. *Id.*, § 7.5.4. Notwithstanding the foregoing, Class Members who are also Aggrieved Employees and timely submit valid Requests for Exclusion will, nevertheless, be deemed to settle and resolve all Released PAGA Claims and will still be issued payment for their share of the Individual PAGA Payments. *Id.*

Only Class Members who do not exclude themselves from the Class Settlement (i.e., Participating Class Members) can object to the Class Settlement. *Id.*, § 7.7.1. Participating Class Members who wish to object to the Class Settlement may fax,

1  email, or mail their written objection to the Administrator on or before the Response

2  Deadline. *Id.*, § 7.7.2. Alternatively, Participating Class Members may appear in Court

3  (or hire an attorney to appear in Court) to present verbal objections at the Final

4  Approval Hearing. *Id.*

5  Class Members who wish to challenge the number of Workweeks and/or PAGA

6  Pay Periods credited to each of them in their Class Notice may do so by mailing,

7  emailing, or faxing a written challenge to the Administrator on or before the Response

8  Deadline. *Id.*, § 7.6.

9  **E.    Scope of the Released Class Claims and Released PAGA Claims**

10  The Released Class Claims that are the subject of the Settlement are:

11  all claims that were alleged, or reasonably could have been alleged, based
    on the Class Period facts stated in the Operative Complaint and ascertained
12  in the course of the Action, including without limitation, California Labor
    Code sections 200, 201, 202, 203, 204, 206, 210, 218.6, 226, 226.3, 226.7,
13  500, 510, 512, 558, 1174, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 2698
    et seq., 2800, 2802, California Industrial Commission Wage Orders, and
14  Business and Professions Code sections 17200, et seq., and including all
    claims for or related to alleged unpaid wages, overtime or double time
15  wages, minimum wages, timely payment of wages during employment and
    at separation, meal periods and meal period premiums, rest periods and rest
16  period premiums, wage statement penalties, unreimbursed business
17  expenses, failure to keep requisite payroll records, unfair competition,
    unfair business practices, injunctive relief as it relates to the claims listed
18  above, declaratory relief as it relates to the claims listed above, liquidated
    damages, penalties recoverable pursuant to the claims listed above
19  (including civil penalties pursuant to PAGA), interest, fees, costs, as well
20  as all other claims and allegations alleged in the Action, throughout the
    Class Period. Ex. 1, § 5.2.
21
22  The Released PAGA Claims are as follows:

23  all claims for PAGA penalties that were alleged, or reasonably could have
    been alleged, based on the PAGA Period facts stated in the Operative
24  Complaint and the PAGA Notice and ascertained in the course of the
    Action, including civil penalties pursuant to PAGA for or related to alleged
25  unpaid wages, overtime or double time wages, minimum wages, timely
    payment of wages during employment and at separation, meal periods and
26  meal period premiums, rest periods and rest period premiums, wage
    statement penalties, unreimbursed business expenses, failure to keep
27  requisite payroll records, unfair competition, unfair business practices,
    injunctive relief as it relates to the claims listed above, declaratory relief as
28  it relates to the claims listed above, liquidated damages, penalties

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

recoverable pursuant to the claims listed above, interest, fees, costs, as well as all other claims and allegations alleged in the Action, throughout the PAGA Period. *Id.*, § 5.3

Effective on the date when Defendant fully funds the entire Gross Settlement Amount, Plaintiffs, Participating Class Members, Aggrieved Employees, and Class Counsel will release, acquit, and forever discharge all of the Released Parties of and from the Released Class Claims and Released PAGA Claims. *Id.*, § 5.

## IV.    THE LEGAL STANDARD FOR PRELIMINARY APPROVAL OF A CLASS ACTION SETTLEMENT

Class action settlements require approval by the court. Fed. R. Civ. P. 23(e). Although judicial policy favors settlement of class actions, *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992), the decision to approve or reject a settlement is within the trial court's discretion, and that decision may be reversed only upon a strong showing of "clear abuse of discretion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Class Plaintiffs*, 955 F.2d at 1276.

A settlement should be approved if it is "fundamentally fair, adequate, and reasonable." *Hanlon*, 150 F.3d at 1026; Fed. R. Civ. P. 23(e). In approving a class action settlement, courts engage in a two-step process: (1) preliminary approval of the settlement; and (2) a later detailed review after notice is given to class members, to determine whether final approval is appropriate. *Nat'l Rural Telecomms. Co-op. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004). At the preliminary approval stage, courts must approve a class action settlement "if it appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).

In evaluating the fairness of the class action settlement, courts should give "proper deference to the private consensual decision of the parties." *Hanlon*, 150 F.3d at 1027. Courts need only ensure that the settlement is not a product of "fraud or

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   overreaching by, or collusion between, the negotiating parties, and that the settlement,

2   taken as a whole, is fair, reasonable, and adequate to all concerned." *Id*.

3   **V.   THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED**

4       Preliminary approval is appropriate if the settlement is "potentially fair," *Acosta*

5   *v. Trans Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007), and has no "glaring

6   deficiencies" that would make it clear that a final approval hearing is not warranted.

7   *Murillo v. Pac. Gas & Elec. Co.*, 266 F.R.D. 468, 478 (E.D. Cal. Mar. 4, 2010). As

8   discussed below, the Settlement resulted from hard-fought litigation and extensive

9   negotiations, and it is fair and reasonable. Therefore, the Settlement should be

10  preliminarily approved.

11      **A.   The Settlement Resulted from Arm's Length Negotiations and**

12          **Extensive Investigation and Discovery**

13      An initial presumption of fairness exists "if the settlement is recommended by

14  Class Counsel after arm's-length bargaining." *Harris v. Vector Mktg. Corp.*, No. 08-

15  cv-5198-EMC, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011) (citation omitted).

16  Courts give great weight to such recommendation, as class counsel are most familiar

17  with the issues underlying the case. *Nat'l Rural*, 221 F.R.D. at 528.

18      Here, the Parties actively litigated this matter since it commenced. Class Counsel

19  conducted a thorough investigation into the facts of the case, including, *inter alia*,

20  interviewing Plaintiffs and other Class Members and diligently investigating the

21  allegations in this lawsuit. Parker-Fawley Decl., ¶¶ 10–12. Class Counsel reviewed a

22  large volume of data and documents, including, but not limited to: Plaintiffs and other

23  Class Members' employment records; a detailed sampling of Class Members' time and

24  pay data (including, but not limited to, timecards, payroll records, and wage

25  statements); Defendant's Employee Handbooks, agreements (such as collective

26  bargaining agreements and Release and Acknowledgment Agreements), internal

27  memoranda, job titles and descriptions, operations and employment practices, forms

28  (such as Defendant's Employee Training Documentation forms), procedures, and

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

10

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

policies (such as Defendant's Attendance and Punctuality Policy), among other information and documents. *Id.,* ¶ 11. Class Counsel also prepared for and attended court proceedings, depositions, and settlement negotiations, among other tasks. *Id*., ¶ 10. The data and documents produced in this matter enabled Class Counsel to assess and value the class and PAGA claims and prepare violation, damages, and penalties analyses models. *See id*., ¶ 17.

The Parties reached the Settlement after reviewing all available evidence, arm's-length bargaining, and participating in mediation conducted by Mark Rudy ("the Mediator"), a well-respected mediator experienced in mediating complex labor and employment matters. *Id.,* ¶ 10. During mediation, the Parties exchanged information and discussed various aspects of the case, including and not limited to, the risks and delays of further litigation, the risks to the Parties of proceeding with certification and/or representative adjudication, the law relating to off-the-clock theory, meal and rest periods, regular rate of pay, rounding, PAGA representative actions, and state wage-and-hour law and enforcement, as well as the evidence produced and analyzed, and the possibility of appeals, among other things.[2] Parker-Fawley Decl., ¶ 10.

While the Parties disagree over the merits and certifiability of Plaintiffs' claims, Plaintiffs and Class Counsel agree that the Settlement is fair, reasonable, adequate, and in the best interest of the Class and State of California, in light of all known facts and circumstances. *Id*., ¶¶ 16, 17 & 20.

### B.    The Settlement Is Fair, Reasonable, and Adequate

The Gross Settlement Amount of $4,476,098.00 represents a fair, adequate, and reasonable resolution of this case. *Id*., ¶¶ 10, 12, 13, & 20. Under the Settlement, the entire Net Settlement Amount will be distributed to Participating Class Members, and the entire LWDA Payment will be distributed to the LWDA. *Id*., ¶ 13. The Settlement

---

[2] *See Hanlon*, 150 F.3d at 1027 (affirming approval of settlement after finding "no evidence to suggest that the settlement was negotiated in haste or in the absence of information illuminating the value of plaintiffs' claims"); *see also Villegas v. J.P. Morgan Chase & Co.*, No. CV 09-00261 SBA (EMC), 2012 WL 5878390, at *6 (N.D. Cal. Nov. 21, 2012) (stating that participation in private mediation "tends to support the conclusion that the settlement process was not collusive").

amount is reasonable, considering the risks relating to certification, trial, potential appeals, and recovering monetary relief. *Id.*, ¶ 20. Additionally, the Settlement guarantees a certain monetary recovery to Participating Class Members and the State of California in a reasonably short period of time, as opposed to waiting additional years for the same or possibly no recovery if this matter were to proceed to trial. *Id.*, ¶ 9.

The Settlement was calculated using data and information uncovered through significant case investigation, formal and informal discovery, and exchange of information in the context of mediation and settlement negotiations. *Id.*, ¶ 10. Prior to reaching the Settlement, Class Counsel conducted extensive investigation into the claims. *Id.*, ¶ 11. The data and information obtained enabled Class Counsel to calculate the value of the claims and the monetary recovery that could potentially be obtained, and permitted a comprehensive understanding of Defendant's employment policies, practices, and procedures. Parker-Fawley Decl., ¶ 17. This information proved invaluable in negotiating a settlement amount that fairly compensates the Class Members and the State of California. *Id.*

The Parties have also considered the potential risks and rewards inherent in any case and, in particular, with this case. *Id.*, ¶¶ 15–17. Prior to the mediation, Class Counsel performed a damages and penalties analysis and valuation based on time and pay data and information provided by Defendant. *Id.*, ¶ 17.

Plaintiffs face numerous risks in continued litigation, including and not limited to, bifurcation of discovery and/or trial, a denial of class certification, class de-certification after certification, adverse findings regarding liability, adverse findings regarding damages and penalties (including and not limited to, court discretion to reduce civil penalties), potential appeals, and uncertainty in collecting on any judgment. *See id.*, ¶¶ 10, 20. Plaintiffs face the real possibility that, if there is a recovery against Defendant after years of litigation and a lengthy and costly trial, the amount may be much less than the amount negotiated in this Settlement. *See id.*, ¶¶ 10, 20.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### 1.    The Settlement Fairly Allocates and Distributes Payment

There is no reason to doubt the fairness of the proposed plan of allocation of the settlement funds for purposes of preliminary approval. Even at the *final* approval stage: "an allocation formula need only have a reasonable, rational basis, particularly if recommended by experienced and competent class counsel." *Nguyen v. Radient Pharm. Corp.*, No. 11-cv-00406, 2014 WL 1802293, at *5 (C.D. Cal. May 6, 2014); *see Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 367 (S.D.N.Y. 2002).

Here, the Settlement is fair because it poses no risk of unequal treatment of any Class Member. Individual Class Payments will be calculated on a *pro rata* basis based upon the number of each Participating Class Member's Workweeks during the Class Period. Ex. 1, § 3.2.4. Furthermore, the State of California will be issued payment of its seventy-five percent (75%) share of the amount allocated toward PAGA penalties, in conformity with PAGA. Cal. Lab. Code § 2699(i). Considering the facts in the case, the amount of the Settlement represents a fair, reasonable, and adequate recovery for the Class Members and the State of California. Parker-Fawley Decl., ¶ 20.

### 2.    The Settlement Is Within the Range of Possible Approval

The Settlement, which provides for a Gross Settlement Amount of $4,476,098.00, provides substantial monetary recovery to Participating Class Members and the State of California, and is fair, reasonable, and adequate in light of the value of the claims and the significant risks of continued litigation. Similarly, all of the other Settlement terms for which Plaintiffs request approval and/or preliminary approval fall within the range of reasonableness.

## VI.    APPOINTMENT    OF    CLASS    REPRESENTATIVES    AND CONTEMPLATED SERVICE PAYMENTS

Plaintiffs have spent considerable time and effort to produce relevant documents and past employment records and to provide the facts and evidence necessary to attempt to prove the allegations. Parker-Fawley Decl., ¶ 19; Johnson Decl. ¶¶ 3–7; Kennedy Decl. ¶¶ 3–6; Walker Decl. ¶¶ 3–5. Plaintiffs were available whenever Class

1  Counsel needed them and actively tried to obtain information that would benefit the

2  Class. Parker-Fawley Decl., ¶ 19; Johnson Decl. ¶¶ 3–7; Kennedy Decl. ¶¶ 3–6; Walker

3  Decl. ¶¶ 3–5. Plaintiff Johnson prepared for and attended his deposition, and Plaintiff

4  Kennedy was preparing to do so. Johnson Decl. ¶¶ 5–6; Kennedy Decl. ¶ 5.

5  Accordingly, it is appropriate for Plaintiffs to be appointed as Class Representatives.

6      Furthermore, it is appropriate and just for Plaintiffs to receive Class

7  Representative Service Payments of up to $15,000.00 for Plaintiff Johnson, $12,500.00

8  for Plaintiff Kennedy, and $7,500.00 for Plaintiff Walker. Parker-Fawley Decl., ¶ 19.

9  The Class Representative Service Payments will be paid in addition to any Individual

10  Class Payment that the Class Representatives are entitled to receive as Participating

11  Class Members. *Id.*

12      The trial court has discretion to award incentives to the class representatives.[3]

13  *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000). Courts

14  routinely approve service/enhancement awards to class representatives for their time

15  and efforts, and the risks they undertake on behalf of the class. *See, e.g.*, *Staton v.*

16  *Boeing*, 327 F.3d 938, 976-78 (9th Cir. 2003) (discussing cases approving service

17  awards in the range of $2,000 to $25,000). "Enhancement awards are particularly

18  appropriate in wage-and-hour actions" because named plaintiffs bear "a significant

19  reputational risk for bringing suit against their former employers." *Bellinghausen v.*

20  *Tractor Supply Co.*, 306 F.R.D. 245, 267 (N.D. Cal. Mar. 19, 2015) (quotation marks

21  omitted).

22  ///

23  ///

24

---

25  [3] In assessing the reasonableness of an incentive award, several district courts in the Ninth Circuit have
26  considered the factors set forth in *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal.
   1995): (1) the risk to the class representative in commencing a class action; (2) the notoriety and personal
   difficulties encountered by the class representative; (3) the amount of time and effort spent by the class
27  representative; (4) the duration of the litigation; and (5) the personal benefit, or lack thereof, enjoyed by
   the class representative as a result of the litigation. *See, e.g., In re Toys "R" Us-Del., Inc. FACTA Litig.*,
28  295 F.R.D. 438, 470 (C.D. Cal. 2014); *Covillo v. Specialty's Café*, No. C-11-00594 DMR, 2014 WL
   954516, at *7 (N.D. Cal. Mar. 6, 2014); *Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970, 986 (S.D. Cal. 2014).

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## VII.  APPOINTMENT OF CLASS COUNSEL AND CONTEMPLATED ATTORNEYS' FEES AND COSTS

Class Counsel meet the requirements under Federal Rule of Civil Procedure 23(g). Class Counsel conducted extensive research, investigation, discovery, litigation, and analysis of the potential value of the claims. Parker-Fawley Decl., ¶ 11. Additionally, Class Counsel are highly experienced in wage-and-hour litigation and class action cases. Parker-Fawley Decl., ¶¶ 2–6. Class Counsel have committed and continue to commit significant financial and staffing resources to representation in this matter. *Id.*, ¶¶ 10–12. As such, it is appropriate to appoint Lawyers *for* Justice, PC to represent the Class.

The Settlement establishes a Gross Settlement Amount of $4,476,098.00, and provides for Class Counsel to apply for an award in an amount not to exceed 35% of the Gross Settlement Amount (i.e., $1,566,634.30) for attorneys' fees and for reimbursement of actual litigation costs and expenses of not more than $50,000.00. Ex. 1, § 3.2.2. Class Counsel will file an appropriate motion or application in advance of the Final Approval Hearing pursuant to Rule 23(h), requesting an award of attorneys' fees and reimbursement of litigation costs and expenses and submit evidence and documents to demonstrate the work performed and expenses incurred in this matter.

In reviewing a fee award request, courts consider the following factors: (1) the results achieved; (2) whether there are benefits to the class beyond the immediate generation of a cash fund; (3) the risks of litigation; (4) the skill required of counsel and quality of the work performed; (5) the contingent nature of the fee and the foregoing by counsel of other work; and (6) the reactions of the class. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002); *In re Toyota Motor Corp.*, 2013 WL 3224585 (C.D. Cal. June 17, 2013). Of these factors, the most significant factor is the "degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

The goal is to award "reasonable compensation for creating a common fund."

*Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). District courts usually award attorneys' fees in the 30-40% range in wage-and-hour class actions that result in recovery of a common fund under $10 million. *See Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491-92 (E.D. Cal. 2010) (citing recent wage-and-hour class actions where district courts approved attorneys' fee awards ranging from 30-33%); *Singer v. Becton Dickinson and Co.*, 2010 WL 2196104, at *8 (S.D. Cal. June 1, 2010) (approving attorneys' fees of one-third of the common fund and holding that the award was similar to awards in other wage-and-hour class actions where fees ranged from 30.3-40%); *Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841 (E.D. Cal. Nov. 14, 2007) (recognizing that "fee awards in class actions average around one-third" of the settlement).

Here, the attorneys' fees award provided for by the Settlement is reasonable, particularly in light of the time and effort expended by Class Counsel. Class Counsel litigated this case for over two years and was actively preparing for class certification, with the possibility of an unsuccessful outcome and no fee recovery of any kind. Parker-Fawley Decl., ¶¶ 10–12. The ongoing work has been extensive, demanding, and ultimately successful in achieving a substantial settlement resolution. Given the strengths and weaknesses of the claims and the risk and expense of further litigation, Class Counsel have achieved an excellent result on behalf of the Class and the State of California. Considering the amount of attorneys' fees to be requested, the work performed, and the risks incurred, the allocations for attorneys' fees and costs provided by the Settlement are reasonable and should be approved. *See Vizcaino*, 290 F.3d at 1051.

## VIII. CERTIFICATION OF THE PROPOSED CLASS IS APPROPRIATE UNDER RULE 23

Class certification under Rule 23(a) is appropriate where the plaintiff demonstrates the four requirements of Rule 23(a) (numerosity, commonality, typicality, and adequacy of representation), and one of the three requirements of Rule

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

///

23(b). *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). The proposed Class meets all of these requirements.

### A.    <u>Numerosity</u>

A class is sufficiently numerous if it is "so large that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). A reasonable estimate of the number of purported class members is sufficient to meet the numerosity requirement." *In re Badger Mountain Irr. Dist. Sec. Litig.*, 143 F.R.D. 693, 696 (W.D. Wash. 1992).

The proposed Class consists of approximately 2,522 individuals. Ex. 1, § 4.1. The proposed Class is sufficiently numerous for settlement purposes, and joinder of all Class Members would be impractical. *See Mazza v. Am. Honda Motor Co.*, 254 F.R.D. 610, 617 (C.D. Cal. 2008), *rev'd on other grounds*, 666 F.581, 593 (9th Cir. 2012) ("As a general rule, classes of forty or more are considered sufficiently numerous.").

### B.    <u>Commonality</u>

A class has sufficient commonality "if there are questions of fact and law which are common to the class." Fed. R. Civ. P. 23(a)(2). An affirmative showing of at least one question of law or fact satisfies this requirement.[4] Commonality has been found to exist when there is a common legal issue stemming from divergent factual predicates or a common nucleus of facts leading to different legal remedies. *Hanlon*, 150 F.3d at 1019.

Courts generally find commonality where "the lawsuit challenges a system-wide practice or policy that affects all of the putative class members[,]" and divergent ways in which these practices affect individual Class Members, if any, do not undermine the finding of commonality.[5] Here, the Class Members seek remedies under wage-and-hour laws for violations arising from alleged common, uniform, and systematic

---

[4] *Dukes v. Wal-Mart, Inc.*, 564 U.S. 338, 350 & 359 (2011); *see also Hanlon*, 150 F.3d at 1019 ("All questions of fact and law need not be common to satisfy the rule.").

[5] *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504–05 (2005); *Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975), *cert denied*, 429 U.S. 816 (1976).

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

practices which applied to all Class Members during the Class Period. Parker-Fawley Decl., ¶ 15; Johnson Decl., ¶ 9; Kennedy Decl., ¶ 8; Walker Decl., ¶ 7. Accordingly, the commonality requirement is satisfied for settlement purposes.

**C.    Typicality**

The typicality requirement is satisfied where "the cause of the injury is the same," as here, and the injury claimed by the named plaintiffs are "similar" to that of unnamed class members. *Armstrong v. Davis*, 275 F.3d 849, 868-69 (9th Cir. 2001). They need not be "identical." *Id*. Here, Plaintiffs' claims are typical of those of the Class Members for settlement purposes, though some factual differences may exist among them, as the claims arise from the same events or course of conduct and are based upon the same legal theories. Plaintiffs worked as a non-exempt employees for Defendant. Johnson Decl. ¶¶ 2, 9; Kennedy Decl. ¶¶ 2, 8; Walker Decl. ¶¶ 2, 7.

The typicality requirement is satisfied for settlement purposes as Plaintiffs' claims arise from the same factual basis and are based on the same legal theories as those applicable to all other Class Members. *See Welmer v. Syntex*, 117 F.R.D. 641, 644 (N.D. Cal. 1987).

**D.    Adequacy of Representation**

Rule 23(a)(4) requires that (1) a class representative fairly and adequately protects the interests of the class, and (2) class counsel be qualified and competent to conduct the litigation. *In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d at 462. The requirement "tends to merge with the commonality and typicality criteria of Rule 23(a)."[6] The inquiry turns on whether "the named plaintiffs and their counsel have any conflicts of interest with other class members" and "whether the named plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class." *Hanlon*, 150 F.3d at 1020.

Plaintiffs' interests align with those of other Class Members for settlement purposes, as all of them were employed by Defendant within the State of California.

---

[6] *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997); *see also Manual for Complex Litig., Fourth* § 21.132 ("a settlement class must be cohesive").

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  Johnson Decl. ¶¶ 2, 9; Kennedy Decl. ¶¶ 2, 8; Walker Decl. ¶¶ 2, 7. Plaintiffs' claims

2  are typical of those of Class Members, which are confined to a defined group of

3  similarly situated employees during the Class Period. Class Counsel is highly

4  experienced in employment class action and complex wage-and-hour litigation, having

5  handled hundreds of cases before and having been appointed Class Counsel in

6  hundreds of other cases. Parker-Fawley Decl., ¶¶ 2–7. Plaintiffs contend that Class

7  Counsel's experience in litigating similar matters was integral to obtaining the

8  Settlement.

9       **E.**    **<u>Predominance and Superiority</u>**

10      The proposed Class meets the requirements of Rule 23(b)(3) for settlement

11  purposes because (1) common questions predominate over questions that affect

12  individual members; and (2) class resolution is superior to other available means of

13  adjudication. When assessing predominance and superiority, a court may consider that

14  the proposed class will be certified for settlement purposes only. *See Amchem Prods.,*

15  *Inc. v. Windsor,* 521 U.S. 591, 618-20 (1997). Where the matter is being settled, a

16  showing of manageability at trial is unnecessary. *Id.* at 620. At this stage, the relevant

17  inquiry is "whether the proposed classes are sufficiently cohesive to warrant

18  adjudication by representation." *Id.* at 618-20, 623; *see Hanlon*, 150 F.3d at 1022.

19      Here, the Class is sufficiently cohesive to warrant certification for settlement

20  purposes. For settlement purposes, common questions of fact and law affecting Class

21  Members predominate over any questions that may affect only individual members.

22  For example, Defendant's alleged failures to properly pay Class Members for all hours

23  worked and provide compliant meal and rest periods are alleged to arise from

24  Defendant's uniform policies, practices, and procedures. As such, the questions of fact

25  and law relating to these issues predominate for settlement purposes. *See* Parker-

26  Fawley Decl., ¶ 15.

27      Moreover, a class resolution is superior to other available means for the fair and

28  efficient adjudication of the controversy. *See Hanlon*, 150 F.3d at 1023. The superiority

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    requirement involves a "comparative evaluation of alternative mechanism of dispute

2    resolution." *Id.* Here, the alternative method of resolution is individual claims, subject

3    to proof, for relatively small amounts of damages, which would be uneconomical for

4    potential plaintiffs. *Id.* Therefore, a class resolution is superior to any other available

5    methods.

6    **IX.    ADEQUACY OF THE METHOD OF NOTICE**

7          "Adequate notice is critical to court approval of a class settlement under Rule

8    23(e)." *Hanlon,* 150 F.3d at 1025. A class notice must be "the best notice that is

9    practicable under the circumstances, including individual notice to all members who

10   can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). A class notice

11   is adequate if it "generally describes the terms of the settlement in sufficient detail to

12   alert those with adverse viewpoints to investigate and to come forward and be heard."

13   *Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). The notice must

14   also be "neutral and objective in tone, and should neither promote nor discourage the

15   assertion of claims." *Schaefer v. Overland Express Family of Funds*, 169 F.R.D. 124,

16   131 (S.D. Cal. 1996).

17         Here, the proposed Class Notice provides the best notice practicable and is

18   adequate. It provides information on, *inter alia*, how their Individual Class Payments

19   and, if applicable, their Individual PAGA Payments are calculated, and the number of

20   Workweeks and, if applicable, PAGA Pay Periods credited to them. [Proposed] Order

21   Granting Preliminary Approval of Class Action and Approval of PAGA Settlement

22   ("Proposed Order") Ex. A, at 1. All of this information is "clearly and concisely state[d]

23   in plain, easily understood language." Fed. R. Civ. P. 23(c)(2)(B).

24         The proposed Class Notice also fulfills the requirement of neutrality in class and

25   collective notices. The proposed Class Notice summarizes the proceedings to date and

26   the terms and conditions of the Settlement in an informative and coherent manner, and

27   it recognizes that the Court has not yet granted final approval of the Settlement.[7] *See*

28

---

[7] *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989) ("[C]ourts must be scrupulous to

*(Footnote continued)*

*generally* Ex. A, at 2–3. The Class Notice sets forth the procedures and deadlines governing the Notice of Objection to the Class Settlement, Request for Exclusion from the Class Settlement, or dispute regarding Workweeks, and the date and time set for the Final Approval Hearing. *Id.*, at 2, 3, 8, & 9. The proposed Class Notice satisfies all due process requirements and complies with the standards of fairness, completeness, and neutrality. *See generally* Ex. A. Accordingly, the Court should approve the proposed Class Notice.

All Class Members can and will be identified by Defendant through a review of their business records. After receiving the data from Defendant regarding each Class Member, the Administrator will mail a Class Notice to each of them. [8] Ex. 1, § 7.4.2. Accordingly, the proposed Class Notice is adequate and is the best notice practicable under Rule 23(c)(2)(B).

## X.    APPOINTMENT OF THE ADMINISTRATOR AND CONTEMPLATED ADMINISTRATION EXPENSES PAYMENT

The Parties have selected Phoenix Class Action Administration Solutions ("Phoenix" or "Administrator") to handle the notice and administration of the Settlement. Ex. 1, § 7.1. Phoenix will distribute and respond to inquiries about the Class Notice; determine the timeliness, validity, and/or completion of any Requests for Exclusion, Notices of Objection, and any disputes regarding Workweeks and PAGA Pay Periods; and calculate all amounts to be paid from the Net Settlement Amount. *Id.*, § 7.8.

The Administration Expenses Payment is currently estimated not to exceed $20,000.00 and will be paid out of the Gross Settlement Amount. *Id.*, § 3.2.3. Plaintiffs respectfully request that the Court appoint Phoenix as the Administrator and direct distribution of the Class Notice in the manner, and based on the proposed deadlines,

respect judicial neutrality" in overseeing the class action notice process and "avoid even the appearance of judicial endorsement of the merits of the action[.]").

[8] *See Elsen v. Carlisle & Jacqueline*, 417 U.S. 156, 175-77 (1974) (Individual notice by mail "is clearly the 'best notice practicable' within the meaning of Rule 23(c)(2)" where "all class members [] can be identified with reasonable effort").

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    set forth in the Settlement Agreement and Section XI, below.

2    **XI.    DEADLINES FOR NOTICE AND ADMINISTRATION**

3         The Court is respectfully requested to approve the proposed deadlines for the

4    notice and settlement administration process. Within 30 calendar days of the date on

5    which the Court enters an order granting preliminary approval of the Settlement,

6    Defendant shall provide the Administrator with a complete list of all Class Members

7    which will be formatted in a Microsoft Office Excel spreadsheet and will include (to

8    the extent available) each Class Member's full name, last-known mailing address,

9    Social Security number, and number of Class Period Workweeks and PAGA Pay

10   Periods (collectively, "Class Data"). Ex. 1, § 4.2.

11        Within 15 calendar days of the date on which the Administrator receives the

12   Class List from Defendant, using the data provided by Defendant in the Class List, the

13   Administrator will mail the Class Notice to the Class Members via First Class U.S.

14   Mail. *Id.*, § 7.4.2.

15        If any Class Notice is returned as undeliverable on or before the Response

16   Deadline, the Administrator shall promptly send via First Class U.S. Mail to the

17   forwarding address provided by USPS. *Id.*, § 7.4.3. If no forwarding address is

18   provided, the Administrator shall conduct a Class Member Address Search and re-mail

19   the Class Notice to the most current address obtained. *Id.* The Administrator has no

20   obligation to further attempt to locate or re-send Class Notices a second time. *Id.*

21        Class Members will have 45 calendar days from the original mailing of the Class

22   Notice, or if the Class Notice is re-mailed, the Class Member will have 59 calendar

23   days from the original mailing, to submit a Request for Exclusion, Notice of Objection,

24   or dispute regarding Workweeks and/or Pay Periods to the Administrator. *Id.*, § 7.4.4.

25        All Individual Class Payment checks will remain valid and negotiable for 180

26   calendar days from the date of their issuance. *Id.*, § 4.4.1. Such checks will be cancelled

27   if not cashed or deposited by the Participating Class Member or Aggrieved Employee

28   within the 180-day period, and the funds associated with such cancelled checks will be

deposited with the California Controller's Unclaimed Property Fund, in the name of the Participating Class Member or Aggrieved Employee whose check is cancelled, in his or her respective amount. *Id.*, § 4.4.3.

## XI.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant preliminary approval of the Class Settlement; grant approval of the PAGA Settlement; appoint and designate Lawyers *for* Justice, PC as Class Counsel; appoint and designate Tyrone Johnson, Terrence Kenedy, and James Walker as Class Representatives; appoint Phoenix Class Action Administration Solutions as Administrator; preliminarily approve the allocations for Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment, Class Representative Service Payments, and Administration Expenses Payment; approve the allocation for PAGA Penalties; approve the proposed Class Notice; direct the Administrator to undertake the notice and settlement administration process in conformity with the deadlines and procedures provided by the Settlement Agreement; and schedule a Final Approval Hearing to take place in approximately four months.

Dated: December 16, 2024                     **LAWYERS *for* JUSTICE, PC**

By: _____
Elizabeth Parker-Fawley
*Attorneys for* Plaintiffs Tyrone Johnson, Terrence Kennedy, and James Walker

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203