1  Edwin Aiwazian (SBN 232943)
   Elizabeth Parker-Fawley (SBN 301592)
2  **LAWYERS *for* JUSTICE, PC**
   450 North Brand Blvd., Suite 900
3  Glendale, California 91203
   Tel: (818) 265-1020 / Fax: (818) 265-1021
4
5  *Attorneys for* Plaintiffs Tyrone Johnson,
   Terrence Kennedy, and James Walker
6
7
8              **UNITED STATES DISTRICT COURT**
9              **CENTRAL DISTRICT OF CALIFORNIA**
10
   TYRONE JOHNSON, TERRENCE          | Case No. 2:22-cv-06930-AH-MAR
11 KENNEDY; individually, and on
   behalf of other members of the    | Honorable Anne Hwang
12 general public similarly situated and
   on behalf of other aggrieved      | **CLASS ACTION**
13 employees pursuant to the California
   Private Attorneys General Act;    | **PLAINTIFFS' RENEWED NOTICE OF
14                                    | MOTION AND MOTION FOR
              Plaintiffs,             | PRELIMINARY APPROVAL OF
15                                    | CLASS ACTION SETTLEMENT AND
      v.                             | APPROVAL OF PAGA SETTLEMENT;
16                                    | MEMORANDUM OF POINTS AND
   PARSEC, INC. D/B/A/ OHIO          | AUTHORITIES IN SUPPORT
17 PARSEC, INC., an Ohio corporation; | THEREOF**
   and DOES 1 through 100, inclusive,
18
              Defendants.
19
20
21                                    | Date:           May 7, 2025
                                      | Time:           1:30 PM
22                                    | Courtroom:      7D
23                                    | Complaint Filed: August 5, 2022
                                      | FAC Filed:       November 15, 2024
24                                    | Trial Date:      October 21, 2025
25
26
27
28

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on May 7, 2025 at 1:30 PM, or as soon thereafter as the matter may be heard before the Honorable Anne Hwang in Courtroom 7D of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, Plaintiffs Tyrone Johnson, Terrence Kennedy, and James Walker ("Plaintiffs" or "Class Representatives") will, and hereby do, move for an order:

- Granting preliminary approval of the proposed class action settlement described herein and as set forth in the Class Action and PAGA Settlement Agreement ("Settlement," "Agreement," or "Settlement Agreement"), attached as "**EXHIBIT 1**" to the Declaration of Elizabeth Parker-Fawley ("Parker-Fawley Decl."), including, but not limited to, the means of allocation and distribution of funds, including and not limited to, Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment, Class Representative Service Payments, and Administration Expenses Payment;

- Granting approval of the PAGA Settlement, including the allocations for penalties under the California Labor Code Private Attorneys General Act of 2004 ("PAGA Penalties");

- Conditionally certifying the Class for settlement purposes;

- Preliminarily appointing Plaintiffs Tyrone Johnson, Terrence Kennedy, and James Walker as Class Representatives;

- Preliminarily appointing Edwin Aiwazian, Esq. and Elizabeth Parker-Fawley, Esq. of Lawyers *for* Justice, PC as Class Counsel;

- Approving the proposed Court Approved Notice of Class Action Settlement and Hearing Date for Final Court Approval ("Class Notice"), attached as "**EXHIBIT A**" to the [Proposed] Order Granting Preliminary Approval of Class Action Settlement;

**LAWYERS** *for* **JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

- Directing the mailing of the Class Notice to the Class Members;
- Approving the proposed deadlines for the notice and settlement administration process;
- Approving Phoenix Class Action Administration Solutions as the Administrator; and
- Scheduling a hearing to consider whether to grant final approval of the Settlement, at which time the Court will also consider whether to grant final approval of the requests for Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment, Class Representative Service Payments, Administration Expenses Payment, and allocation for the PAGA Penalties.

This motion is based upon the following memorandum of points and authorities; the Settlement Agreement; the Declaration of Proposed Class Counsel (Elizabeth Parker-Fawley); the Declarations of Proposed Class Representatives (Tyrone Johnson, Terrence Kennedy, and James Walker) in support thereof; as well as the pleadings and other records on file with the Court in this matter, and such evidence and oral argument as may be presented at the hearing on this motion.

Dated: April 7, 2025

**LAWYERS *for* JUSTICE, PC**

By: _____

Elizabeth Parker-Fawley
*Attorneys for* Plaintiffs Tyrone Johnson, Terrence Kennedy, and James Walker

*(margin, left side)*
**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

**PLAINTIFFS' RENEWED NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

# **TABLE OF CONTENTS**

I.   SUMMARY OF MOTION ............................................................................ 1

II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY ................ 2

III. SUMMARY OF THE SETTLEMENT TERMS ........................................ 5

   A.  The Class for Settlement Purposes ...................................................... 5

   B.  Essential Terms of the Settlement ....................................................... 5

   C.  Calculation and Range of Individual Class Payments and Individual PAGA Payments ................................................................. 6

   D.  Settlement Opt-Out and Objection Procedures ................................... 7

   E.  Scope of the Released Class Claims and Released PAGA Claims ...... 9

IV.  THE LEGAL STANDARD FOR PRELIMINARY APPROVAL OF A CLASS ACTION SETTLEMENT ........................................................... 10

V.   THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED ....... 10

   A.  The Settlement Resulted from Arm's Length Negotiations and Extensive Investigation and Discovery ............................................ 11

   B.  The Settlement Is Fair, Reasonable, and Adequate ........................... 12

        1.  The Settlement Fairly Allocates and Distributes Payment ....... 14

        2.  The Settlement Is Within the Range of Possible Approval**Error! Bookmark not defined.**

VI.  APPOINTMENT OF CLASS REPRESENTATIVES AND CONTEMPLATED SERVICE PAYMENTS ........................................... 15

VII. APPOINTMENT OF CLASS COUNSEL AND CONTEMPLATED ATTORNEYS' FEES AND COSTS ...................................................... 18

VIII. CERTIFICATION OF THE PROPOSED CLASS IS APPROPRIATE UNDER RULE 23 ................................................................................. 22

   A.  Numerosity .......................................................................................... 22

   B.  Commonality ....................................................................................... 22

   C.  Typicality ............................................................................................. 23

**LAWYERS** *for* **JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

**PLAINTIFFS' RENEWED NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

| | D. | Adequacy of Representation ............................................................23 |
| | E. | Predominance and Superiority ........................................................24 |
| IX. | ADEQUACY OF THE METHOD OF NOTICE .......................................25 |
| X. | APPOINTMENT OF THE ADMINISTRATOR AND CONTEMPLATED ADMINISTRATION EXPENSES PAYMENT..........26 |
| XI. | CONCLUSION ........................................................................................28 |

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

**PLAINTIFFS' RENEWED NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

# TABLE OF AUTHORITIES

**Cases**

*Acosta v. Trans Union, LLC, 243 F.R.D. 377 (C.D. Cal. 2007)* ...............................10

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) ............................................24

*Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001) ..................................................23

*Bellinghausen v. Tractor Supply Co.,* 306 F.R.D. 245 (N.D. Cal. Mar. 19, 2015) .....17

*Blackie v. Barrack*, 524 F.2d 891 (9th Cir. 1975), *cert denied*, 429 U.S. 816 (1976) .....23

*Carr v. Tadin, Inc.,* 51 F. Supp. 3d 970 (S.D. Cal. 2014) ..........................................15

*Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004) ...............................25

*Class Plaintiffs v. City of Seattle, 955 F.2d 1268 (9th Cir. 1992)*.............................10

*Covillo v. Specialty's Café,* No. C-11-00594 DMR, 2014 WL 954516 (N.D. Cal. Mar. 6, 2014) ......................................................................................................................15

*Dukes v. Wal-Mart, Inc.*, 564 U.S. 338 (2011)........................................................22

*Elsen v. Carlisle & Jacqueline*, 417 U.S. 156 (1974)...............................................26

*Emmons v. Quest Diagnostics Clinical Laboratories, Inc.*, 2017 WL 749018, *8 (E.D. Cal. Feb. 27, 2017) ..............................................................................................17

*Garcia v. Gordon Trucking*, 2012 WL 5364575, *2 (E.D. Cal. Oct. 31, 2012) .........18

*Grady v. RCM Technologies, Inc.,* 675 F. Supp. 3d 1065 (2023) ..............................15

*Hanlon v. Chrysler Corp., 150 F.3d 1011 (9th Cir. 1998)*................................passim

*Harris v. Vector Mktg. Corp.,* No. 08-cv-5198-EMC, 2011 WL 1627973 (N.D. Cal. Apr. 29, 2011) .....................................................................................................11

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ...........................................................19

*Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. 165 (1989) ......................................26

*In re Badger Mountain Irr. Dist. Sec. Litig.*, 143 F.R.D. 693 (W.D. Wash. 1992).....22

*In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011)..........19

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2000).........................15, 23

*In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 947 (9th Cir. 2015)............18

*In re Tableware Antitrust Litig., 484 F. Supp. 2d 1078 (N.D. Cal. 2007)* .................10

*In re Toys "R" Us-Del., Inc. FACTA Litig.,* 295 F.R.D. 438 (C.D. Cal. 2014) ..............15

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

*In re TracFone Unlimited Serv. Plan Litig.*, 112 F.Supp.3d 993, 1007 (N.D. Cal. 2015) ...................................................................................................19

*Koeppen v. Carvana, LLC*, 2024 WL 3925703, at *8 (N.D. Cal. Aug. 22, 2024) .....19, 20, 21

*Kullar v. Foot Locker Retail, Inc.*, 168 Cal. App. 4th 116 (2008) ...............................13

*Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358 (S.D.N.Y. 2002).................14

*Mazza v. Am. Honda Motor Co.*, 254 F.R.D. 610 (C.D. Cal. 2008), rev'd on other grounds, 666 F.581 (9th Cir. 2012) ...................................................................22

*Murillo v. Pac. Gas & Elec. Co., 266 F.R.D. 468 (E.D. Cal. Mar. 4, 2010)*..............11

*Nat'l Rural Telecomms. Co-op. v. DIRECTV, Inc., 221 F.R.D. 523, 525 (C.D. Cal. 2004)* ..........................................................................................................10, 11

*Nguyen v. Radient Pharm. Corp.*, No. 11-cv-00406, 2014 WL 1802293 (C.D. Cal. May 6, 2014) ......................................................................................................14

*Patel v. TransUnion, LLC*, 2018 WL 1258194, *3, 7-8 (N.D. Cal. Mar. 11, 2018) ...17

*Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268 (9th Cir. 1989) ..................20

*Rodriguez v. Kraft Foods Group, Inc.*, 2016 WL 5844378, *16 (E.D. Cal. Oct. 5, 2016) ......................................................................................................................17

*Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841 (E.D. Cal. Nov. 14, 2007)20

*Schaefer v. Overland Express Family of Funds*, 169 F.R.D. 124 (S.D. Cal. 1996) ....25

*Singer v. Becton Dickinson and Co.*, 2010 WL 2196104 (S.D. Cal. June 1, 2010) ........20

*Spann v. J.C. Penney Corp.*, 211 F.Supp.3d 1244, 1265 (C.D. Cal. 2016) ...............17

*Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 329 (C.D. Cal. 2016).........................17

*Staton v. Boeing,* 327 F.3d 938 (9th Cir. 2003) ........................................................15

*Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227 (9th Cir. 1996)..............................22

*Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294 (N.D. Cal. 1995) .......................15

*Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482 (E.D. Cal. 2010).....................20

*Villegas v. J.P. Morgan Chase & Co.,* No. CV 09-00261 SBA (EMC), 2012 WL 5878390 (N.D. Cal. Nov. 21, 2012)........................................................................12

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002)...............................19, 21

*Welmer v. Syntex*, 117 F.R.D. 641 (N.D. Cal. 1987) .................................................23

**Rules**

PLAINTIFFS' RENEWED NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

Fed. R. Civ. P. 23.................................................................................passim

**Treatises**

*Manual for Complex Litig., Fourth* § 21.132.................................................24

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

**PLAINTIFFS' RENEWED NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    SUMMARY OF MOTION

Plaintiffs Tyrone Johnson, Terrence Kennedy, and James Walker (collectively, "Plaintiffs" or "Class Representatives") seek preliminary approval of the Class Action and PAGA Settlement Agreement ("Settlement," "Agreement," or "Settlement Agreement") entered into by and between Plaintiffs, individually and on behalf of all others similarly situated and other aggrieved employees and the State of California, on the one hand, and Defendant Parsec, Inc. d/b/a Ohio Parsec, Inc. ("Defendant"), on the other hand. Subject to approval by the Court, Plaintiffs and Defendant (collectively, the "Parties") have agreed to settle this lawsuit for a Gross Settlement Amount of $4,476,098.00.[1]

Previously, Plaintiffs moved for preliminary approval of the Settlement Agreement, which was heard on February 5, 2025. Dkt. No. 54. The Court found that class certification for settlement purposes was appropriate; however, the Court raised several inquiries for Plaintiffs to address and denied preliminary approval without prejudice.

Plaintiffs seek to provisionally certify the following Class for settlement purposes: All current and former non-exempt or hourly-paid employees employed by Defendant in the State of California who worked for Defendant at any time during the Class Period. Based on updated data, the Class is estimated to consist of approximately 2,838 current and former employees during the period from August 8, 2018 through September 27, 2023 ("Class Period"). Class Members who do not submit a timely and valid Request for Exclusion ("Participating Class Members") will receive a share of the Net Settlement Amount on a *pro rata* basis, based upon the number of weeks each Class Member worked for Defendant in the State of California as hourly-paid or non-exempt employees during the Class Period ("Workweeks").

///

---

[1] Parker-Fawley Decl. Ex. 1, § 3.1.

**PLAINTIFFS' RENEWED NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**LAWYERS** *for* **JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

Plaintiffs additionally represent a group of all hourly-paid or non-exempt employees employed by Defendant in the State of California who worked for Defendant at any time during the PAGA Period[2] ("Aggrieved Employees"). Aggrieved Employees will receive a *pro rata* share of 25% of the PAGA Penalties (i.e., $125,000.00) based on the number of PAGA Pay Periods credited to each of them ("Individual PAGA Payment"). The remaining 75% of the PAGA Penalties (i.e., $375,000.00) shall be paid to the California Labor and Workforce Development Agency ("LWDA"). The Aggrieved Employees are estimated to include approximately 1,896 employees. The Settlement resolves the Released Class Claims of Plaintiffs and Participating Class Members and the Released PAGA Claims of Plaintiffs and the Aggrieved Employees against the Released Parties.

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Defendant is an intermodal transportation company. Plaintiffs are former employees of Defendant. Declaration of James Walker ("Walker Decl.") ¶ 2; Declaration of Tyrone Johnson ("Johnson Decl.") ¶ 2; Declaration of Terrence Kennedy ("Kennedy Decl.") ¶ 2.

On May 23, 2022, Plaintiff Johnson provided written notice by certified mail to the LWDA and Defendant of his intent to seek civil penalties pursuant to PAGA and of the specific provisions of the California Labor Code that were alleged to be violated ("Johnson PAGA Notice"). Parker-Fawley Decl. ¶ 2. On June 1, 2022, Plaintiff Kennedy provided written notice by certified mail to the LWDA and Defendant of the specific provisions of the alleged California Labor Code violations ("Kennedy PAGA Notice"). *Id.* ¶ 3.

On August 5, 2022, Plaintiffs Johnson and Kennedy filed a Complaint for Enforcement Under the Private Attorneys General Act, California Labor Code § 2698, Et Seq. ("PAGA Action") against Defendant in the Los Angeles County Superior

---

[2] The PAGA Period is the period from June 1, 2021 through September 27, 2023. Parker-Fawley Decl., Ex. 1, § 1.29.

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

Court, Case No. 22STCV25427. *Id.* ¶ 4. On August 8, 2022, Plaintiffs Johnson and Kennedy also filed a Class Action Complaint for Damages against Defendant in the Los Angeles County Superior Court, Case No. 22STCV25562 ("Class Action," and together with the PAGA Action, the "Actions"). *Id.* ¶ 5.

On September 26, 2022, Defendant removed the Class Action to the United States District Court for the Central District of California (the "Court"), and the case is assigned case number 2:22-cv-06930-AH-MAR. *Id.* ¶ 6; Dkt. No. 1.

On June 21, 2023, Plaintiff James Walker provided written notice by certified mail to the LWDA and Defendant of the specific provisions of the alleged California Labor Code violations ("*Walker* PAGA Notice"). Parker-Fawley Decl. ¶ 12.

On June 29, 2023, the Parties participated in a full-day global mediation that encompassed both the PAGA Action and Class Action with Mark Rudy, Esq. (the "Mediator"), a well-respected mediator experienced in mediating complex labor and employment matters. *Id.* ¶ 13. After the mediation, the Parties reached a settlement in principle and thereafter continued to negotiate essential terms following mediation. *Id.* ¶ 26.

On May 24, 2024, the Parties sought to amend the complaint in the PAGA Action in order to seek approval of the Settlement Agreement in a single forum. Parker-Fawley Decl. ¶ 14. On June 20, 2024, the Parties also filed a Motion for Preliminary Approval of Class Action Settlement and Approval of PAGA Settlement ("Motion for Preliminary Approval") in the Los Angeles County Superior Court. *Id.* ¶ 15.

Pursuant to California Labor Code section 2699(l)(2), Plaintiffs submitted the proposed Settlement Agreement to the LWDA for comment, along with the Motion for Preliminary Approval, on June 21, 2024. *See id.*, Ex. 2–4.

After the Superior Court denied Plaintiffs' request to amend the PAGA Action complaint, the Parties subsequently filed a Joint Stipulation and [Proposed] Order to Lift Stay and Grant Leave to File an Amended Complaint on July 24, 2024 in order to consolidate the PAGA Action into the Class Action, as well as add James Walker as a

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

named plaintiff, PAGA representative, and putative class representative in accordance with the terms of the Settlement. *Id.* ¶¶ 16–17; Dkt. 50. Plaintiffs filed a First Amended Class Action Complaint for Damages & Enforcement under the Private Attorneys General Act, California Labor Code § 2698, Et Seq. ("Operative Complaint") on November 15, 2024. *Id.* ¶ 17; Dkt. 52.

Plaintiffs' core allegation is that Defendant has violated the California Labor Code by engaging in a uniform practice and procedure, with respect to Plaintiffs, the Class Members, and Aggrieved Employees, of, inter alia, failing to pay all overtime and minimum wages due and owed, failing to provide compliant meal period and rest periods and associated premium pay, failing to timely pay wages during employment and upon termination, failing to provide compliant wage statements, failing to maintain requisite payroll records, failing to reimburse necessary business expenses, and thereby engaged in unfair business practices under the California Business and Professions Code and owes penalties recoverable under PAGA. Plaintiffs contend that they, along with the Class Members and Aggrieved Employees, are entitled to, inter alia, unpaid wages, penalties (including and not limited to, penalties pursuant to PAGA), and attorneys' fees and costs.

Defendant has denied and continues to deny any liability and wrongdoing of any kind associated with any of the allegations in the Action and further denies that the Action is appropriate for representative adjudication or class treatment for any purpose other than for settlement. Parker-Fawley Decl. ¶ 31.

The Parties have actively litigated this matter since the Action was commenced. *Id.* ¶¶ 5, 26. The Parties have conducted extensive formal and informal discovery and investigation into the claims. *Id.* ¶¶ 7, 9, 10, 11, & 27. Both sides have propounded and responded to multiple sets of formal written discovery requests in various forms. *Id.* ¶ 27. Defendant has produced thousands of pages of records for Plaintiffs and the Class, including time and wage records, collective bargaining agreements, and Defendant's wage and hour policies, practices, and procedures. Class Counsel also prepared for and

**LAWYERS** *for* **JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

4

took the depositions of Defendant's Persons Most Knowledgeable and prepared for and defended the deposition of Plaintiff Johnson. *Id.* The Parties engaged in extensive discussions about the strengths and weaknesses of Plaintiffs' claims, and Defendant's defenses thereto, to try to resolve the Action. *Id.* ¶¶ 30–31. Ultimately, the Parties reached the proposed Settlement described herein to resolve this Action in its entirety.

## III.    SUMMARY OF THE SETTLEMENT TERMS

### A.    The Class for Settlement Purposes

For settlement purposes only, the Parties agree to class action certification of the following Class, consisting of approximately 2,838 individuals:

> All current and former non-exempt or hourly-paid employees employed by Defendant in the State of California who worked for Defendant at any time during the Class Period. Ex. 1, § 1.5.

As discussed in § VIII, *infra*, class certification is appropriate with respect to the Settlement and resolution of the Released Claims. *Id.*, §§ 5.1, 5.2.

Plaintiffs additionally represent a group of all hourly-paid or non-exempt employees employed by the Defendant in the State of California who worked for Defendant at any time during the PAGA Period ("Aggrieved Employees"). *Id.*, § 1.4. The Aggrieved Employees are estimated to include approximately 1,896 employees. Ex. 1, § 4.1.

### B.    Essential Terms of the Settlement

The Settlement provides for a Gross Settlement Amount of $4,476,098.00. *Id.*, § 3.1. The Settlement provides that should the number of Workweeks increase beyond 274,612 by more than 10%, then Defendant will have the option to either increase the Gross Settlement Amount on a proportional basis to the extent the threshold is exceeded (i.e., if the number of workweeks increase by 11%, Defendant shall increase the Gross Settlement Amount by 1%) or cut off the Class Period as of the date the workweeks increased by more than 10%. *Id.*, § 8.

Under the terms of the Settlement, the Net Settlement Amount is the Gross Settlement Amount, less the following amounts subject to approval by the Court: (1)

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

5

attorneys' fees in an amount not to exceed 35% of the Gross Settlement Amount (i.e., $1,566,634.30) ("Class Counsel Fees Payment"), and reimbursement of litigation costs and expenses in an amount not to exceed $50,000.00 to Class Counsel ("Class Counsel Litigation Expenses Payment"); (2) payments to the Class Representatives in an amount not to exceed $15,000.00 for Class Representative Tyrone Johnson, $12,500.00 for Class Representative Terrence Kennedy, and $7,500.00 for Class Representative James Walker ("Class Representative Service Payments"); (3) settlement administration costs, which are currently estimated not to exceed $20,000.00 to the Administrator ("Administration Expenses Payment"); and (4) the amount of $500,000.00 allocated to penalties under the PAGA ("PAGA Penalties"), of which 75% (i.e., $375,000.00) will be distributed to the LWDA ("LWDA PAGA Payment") and 25% (i.e., $125,000.00) will be distributed to Aggrieved Employees ("Individual PAGA Payments"). *Id.,* §§ 3.2.1, 3.2.2, 3.2.3, & 3.2.5. The Settlement Agreement has been submitted to the LWDA for review. Parker-Fawley Decl. ¶ 15.

Assuming that the amounts allocated under the Settlement toward these payments are awarded in full, the Net Settlement Amount is currently estimated to be $2,304,463.70, subject to increase based on Class Counsel's actual and approved litigation costs and expenses and the Escalator Clause. Parker-Fawley Decl. ¶ 13. The Net Settlement Amount will be distributed to Participating Class Members on a *pro rata* basis, calculated according to the number of Workweeks worked during the Class Period ("Individual Class Payments"). *Id.,* Ex. 1, § 3.2.4. The entire Net Settlement Amount will be distributed to Participating Class Members.

C.    **Calculation and Range of Individual Class Payments and Individual PAGA Payments**

The Administrator will calculate each Participating Class Member's Individual Class Payments, in accordance with the Settlement Agreement and as follows:

   a.  The Administrator will calculate the number of Individual Workweeks for each Individual Class Member and the total number of Workweeks worked by all Class Members ("Class Workweeks"). *Id.,* § 3.2.4.

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

b. The Administrator will use the following formula: Estimated Individual Class Payments = (Individual Workweeks ÷ Class Workweeks) x Net Settlement Amount. *Id.*

c. If any Class Members submit timely and valid Requests for Exclusion, the Administrator will proportionately increase the Individual Class Payments of each Participating Class Member to ensure that the entire Net Settlement Amount is distributed to Participating Class Members. *Id.*, § 3.2.5.2.

Each Aggrieved Employee will be entitled to their Individual PAGA Payment based on the number of PAGA Pay Periods credited to each of them, in accordance with the Settlement Agreement and as follows: The Administrator will (a) divide the amount of the Aggrieved Employees' 25% share of PAGA Penalties ($125,000.00) by the total number of PAGA Pay Periods worked by all Aggrieved Employees during the PAGA Period and (b) multiplying the result by each Aggrieved Employee's PAGA Pay Periods. *Id.*, § 3.2.5.1. Aggrieved Employees cannot opt out of the PAGA portion of the Settlement. *Id.*, §§ 7.5.4., 7.7.4.

Each Participating Class Member's Individual Class Payment will be allocated as follows: 15% to wages, which will be reported on an IRS Form W-2, and 85% to non-wage damages, interest, and penalties, which will be reported on an IRS Form 1099. Ex. 1, § 3.2.5.1. Participating Class Members will be issued their Individual Class Payments subject to reduction for the employees' share of taxes and withholdings with respect to the wage portion of each Individual Class Payment. Ex. 1, § 3.2.5.1. The employer's share of payroll taxes with respect to the wage portion of the Individual Class Payments will be paid by Defendant separately and in addition to the Gross Settlement Amount. *Id.*, § 3.1.

**D.**    **Settlement Opt-Out and Objection Procedures**

A Class Member who wishes to be excluded from the Settlement of Released Class Claims must timely submit a valid Request for Exclusion to the Administrator. *Id.*, § 7.5.1. To be timely, the Class Member must mail, email, or fax a Request for Exclusion to the Administrator postmarked, emailed, or fax-stamped on or before the date that is 45 days from the mailing of the Class Notice or, in the case of re-mailed

7

Class Notice, 59 days from the original mailing of the Class Notice ("Response Deadline"). *Id.* A Request for Exclusion must: (a) contain the name, address, telephone number, and last four digits of the Social Security number of the Class Member requesting exclusion from the Class Settlement; (b) reasonably communicate that the Class Member elects to be excluded from the Class Settlement; (c) be returned by fax, email, or mail to the Administrator at the specified address and/or facsimile number; and (d) be faxed, emailed, or postmarked on or before the Response Deadline. *Id.*

The Administrator may not reject a Request for Exclusion as invalid because it fails to contain all the information specified in the Class Notice. *Id.*, § 7.5.2. The Administrator shall accept any Request for Exclusion as valid if the Administrator can reasonably ascertain the identity of the person as a Class Member and the Class Member's desire to be excluded. *Id.*, § 7.5.2 Any Class Member who is properly excluded from the Class Settlement will not be a Participating Class Member, will not be entitled to receive an Individual Class Payment, will not be bound by the Class Settlement, and will not have any right to object, appeal, or comment thereon. *Id.*, § 7.5.4. Notwithstanding the foregoing, Class Members who are also Aggrieved Employees and timely submit valid Requests for Exclusion will, nevertheless, be deemed to settle and resolve all Released PAGA Claims and will still be issued their Individual PAGA Payments. Ex. 1, § 7.5.4.

Only Class Members who do not exclude themselves from the Class Settlement (i.e., Participating Class Members) can object to the Class Settlement. *Id.*, § 7.7.1. Participating Class Members who wish to object to the Class Settlement may fax, email, or mail their written objection to the Administrator on or before the Response Deadline. *Id.*, § 7.7.2. Alternatively, Participating Class Members may appear in Court (or hire an attorney to appear in Court) to present verbal objections at the Final Approval Hearing. *Id.*

Class Members who wish to challenge the number of Workweeks and/or PAGA Pay Periods credited to each of them in their Class Notice may do so by mailing,

**LAWYERS** *for* **JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

1  emailing, or faxing a written challenge to the Administrator on or before the Response

2  Deadline. *Id.*, § 7.6.

3      **E.**    **Scope of the Released Class Claims and Released PAGA Claims**

4      The Released Class Claims that are the subject of the Settlement are:

5  all claims that were alleged, or reasonably could have been alleged, based
   on the Class Period facts stated in the Operative Complaint and ascertained
6  in the course of the Action, including without limitation, California Labor
   Code sections 200, 201, 202, 203, 204, 206, 210, 218.6, 226, 226.3, 226.7,
7  500, 510, 512, 558, 1174, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 2698
   et seq., 2800, 2802, California Industrial Commission Wage Orders, and
8  Business and Professions Code sections 17200, et seq., and including all
   claims for or related to alleged unpaid wages, overtime or double time
9  wages, minimum wages, timely payment of wages during employment and
   at separation, meal periods and meal period premiums, rest periods and rest
10  period premiums, wage statement penalties, unreimbursed business
   expenses, failure to keep requisite payroll records, unfair competition,
11  unfair business practices, injunctive relief as it relates to the claims listed
   above, declaratory relief as it relates to the claims listed above, liquidated
12  damages, penalties recoverable pursuant to the claims listed above
   (including civil penalties pursuant to PAGA), interest, fees, costs, as well
13  as all other claims and allegations alleged in the Action, throughout the
14  Class Period. Ex. 1*,* § 5.2.

15  The Released PAGA Claims are as follows:

16  all claims for PAGA penalties that were alleged, or reasonably could have
   been alleged, based on the PAGA Period facts stated in the Operative
17  Complaint and the PAGA Notice and ascertained in the course of the
   Action, including civil penalties pursuant to PAGA for or related to alleged
18  unpaid wages, overtime or double time wages, minimum wages, timely
   payment of wages during employment and at separation, meal periods and
19  meal period premiums, rest periods and rest period premiums, wage
20  statement penalties, unreimbursed business expenses, failure to keep
   requisite payroll records, unfair competition, unfair business practices,
21  injunctive relief as it relates to the claims listed above, declaratory relief as
   it relates to the claims listed above, liquidated damages, penalties
22  recoverable pursuant to the claims listed above, interest, fees, costs, as well
23  as all other claims and allegations alleged in the Action, throughout the
24  PAGA Period. *Id.*, § 5.3

25      Effective on the date when Defendant fully funds the entire Gross Settlement

26  Amount, Plaintiffs, Participating Class Members, Aggrieved Employees, and Class

27  Counsel will release, acquit, and forever discharge all of the Released Parties of and

28  from the Released Class Claims and Released PAGA Claims. *Id.*, § 5.

9

## IV.    THE LEGAL STANDARD FOR PRELIMINARY APPROVAL OF A CLASS ACTION SETTLEMENT

Class action settlements require approval by the court. Fed. R. Civ. P. 23(e). Although judicial policy favors settlement of class actions, *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992), the decision to approve or reject a settlement is within the trial court's discretion, and that decision may be reversed only upon a strong showing of "clear abuse of discretion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Class Plaintiffs*, 955 F.2d at 1276.

A settlement should be approved if it is "fundamentally fair, adequate, and reasonable." *Hanlon*, 150 F.3d at 1026; Fed. R. Civ. P. 23(e). In approving a class action settlement, courts engage in a two-step process: (1) preliminary approval of the settlement; and (2) a later detailed review after notice is given to class members to determine whether final approval is appropriate. *Nat'l Rural Telecomms. Co-op. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004). At the preliminary approval stage, courts must approve a class action settlement "if it appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).

In evaluating the fairness of the class action settlement, courts should give "proper deference to the private consensual decision of the parties." *Hanlon*, 150 F.3d at 1027. Courts need only ensure that the settlement is not a product of "fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable, and adequate to all concerned." *Id*.

## V.    THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED

Preliminary approval is appropriate if the settlement is "potentially fair," *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007), and has no "glaring deficiencies" that would make it clear that a final approval hearing is not warranted.

**LAWYERS** *for* **JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

10

*Murillo v. Pac. Gas & Elec. Co.*, 266 F.R.D. 468, 478 (E.D. Cal. Mar. 4, 2010). As discussed below, the Settlement resulted from hard-fought litigation and extensive negotiations, and it is fair and reasonable. Therefore, the Settlement should be preliminarily approved.

**A.** **The Settlement Resulted from Arm's Length Negotiations and Extensive Investigation and Discovery**

An initial presumption of fairness exists "if the settlement is recommended by Class Counsel after arm's-length bargaining." *Harris v. Vector Mktg. Corp.*, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011) (citation omitted). Courts give great weight to such recommendation, as class counsel are most familiar with the issues underlying the case. *Nat'l Rural*, 221 F.R.D. at 528.

Here, the Parties actively litigated this matter since it commenced. Class Counsel conducted a thorough investigation into the facts of the case, including, inter alia, interviewing Plaintiffs and other Class Members and diligently investigating the allegations in this lawsuit. Parker-Fawley Decl. ¶¶ 27–28. The Parties engaged in extensive formal and informal discovery. Class Counsel reviewed thousands of pages of data and documents produced as a result of this discovery, including, but not limited to: Plaintiffs' and other Class Members' employment records; a detailed sampling of Class Members' time and pay data (including, but not limited to, timecards, payroll records, and wage statements); Defendant's Employee Handbooks, agreements (such as collective bargaining agreements and Release and Acknowledgment Agreements), internal memoranda, job titles and descriptions, operations and employment practices, forms (such as Defendant's Employee Training Documentation forms), procedures, and policies (such as Defendant's Attendance and Punctuality Policy), among other information and documents. *Id.* ¶ 27. Class Counsel also deposed two witnesses under Rule 30(b)(6) on topics regarding Defendant's organizational structure, wage and hour policies and practices, and the job duties performed by Class Members. Moreover, Class Counsel prepared for and defended the full-day deposition of Plaintiff Johnson.

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

11

Class Counsel also prepared for and attended court proceedings, mediation, and settlement negotiations, among other tasks. *Id.* The data and documents produced in this matter enabled Class Counsel to assess and value the class and PAGA claims and prepare violation, damages, and penalties analyses models. *Id.* ¶ 31.

The Parties reached the Settlement after reviewing all available evidence, arm's-length bargaining, and participating in mediation conducted by Mediator Mark Rudy, a well-respected mediator experienced in mediating complex labor and employment matters. *Id.* ¶ 26. During mediation, the Parties exchanged information and discussed various aspects of the case, including and not limited to, the risks and delays of further litigation, the risks to the Parties of proceeding with certification and/or representative adjudication, the law relating to off-the-clock theory, meal and rest periods, regular rate of pay, rounding, PAGA representative actions, collective bargaining agreements and their impact on California Labor Code claims, and state wage-and-hour law and enforcement generally, as well as the evidence produced and analyzed, and the possibility of appeals, among other things.[3] *Id.* While the Parties continued negotiations regarding the key terms of the Settlement, the mediation resulted in a settlement in principle.

Though the Parties disagree over the merits and certifiability of Plaintiffs' claims, Plaintiffs and Class Counsel agree that the Settlement is fair, reasonable, adequate, and in the best interest of the Class and State of California, in light of all known facts and circumstances. Parker-Fawley Decl. ¶¶ 26, 28, & 42.

**B.    The Settlement Is Fair, Reasonable, and Adequate**

The Gross Settlement Amount of $4,476,098.00 represents a fair, adequate, and reasonable resolution of this case. *Id.* ¶¶ 38, 42. Under the Settlement, the entire Net Settlement Amount will be distributed to Participating Class Members, and 25% of the

---

[3] *See Hanlon*, 150 F.3d at 1027 (affirming approval of settlement after finding "no evidence to suggest that the settlement was negotiated in haste or in the absence of information illuminating the value of plaintiffs' claims"); *see also Villegas v. J.P. Morgan Chase & Co.*, 2012 WL 5878390, at *6 (N.D. Cal. Nov. 21, 2012) (stating that participation in private mediation "tends to support the conclusion that the settlement process was not collusive").

**LAWYERS** *for* **JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

PAGA Penalties will be distributed to the Aggrieved Employees. *Id.* ¶ 38. The Settlement amount is reasonable, considering the risks relating to certification, trial, potential appeals, and recovering monetary relief. *Id.* ¶¶ 36, 42. Additionally, the Settlement guarantees a certain monetary recovery to Participating Class Members and the State of California in a reasonably short period of time, as opposed to waiting additional years for the same or possibly no recovery if this matter were to proceed to trial. *Id.* ¶ 25.

### 1.  The Settlement Is Within the Range of Possible Approval

The Settlement was calculated using data and information uncovered through significant case investigation, formal and informal discovery, and exchange of information in the context of mediation and settlement negotiations. *Id.* ¶¶ 27, 31, 36. Pursuant to *Kullar v. Foot Locker Retail, Inc.*, 168 Cal. App. 4th 116 (2008), Class Counsel conducted extensive investigation into the claims prior to mediation. *Id.* ¶ 36. The data and information obtained enabled Class Counsel to calculate the value of the claims and the monetary recovery that could potentially be obtained and permitted a comprehensive understanding of Defendant's employment policies, practices, and procedures. *Id.* ¶ 31. Prior to the mediation, Class Counsel performed a damages and penalties analysis and valuation based on time and pay data and information provided by Defendant. *Id.*, ¶ 17. As outlined in the Declaration of Elizabeth Parker-Fawley, Class Counsel performed an extensive analysis of each and every claim pursuant to *Kullar*. *See id.* ¶¶ 36(a)–(j). According to the analysis, the total potential value of the Action is estimated to be $62,183,068.20, and the fully discounted value of the Action is estimated to be $2,501,741.10. *See* Parker-Fawley Decl. ¶¶ 36(a)–(i). For the PAGA claims, the total potential value is estimated to be $3,318,000.00, and the fully discounted value is estimated to be $182,490.00. *Id.* ¶ 36(j). This information proved invaluable in negotiating a settlement amount that fairly compensates the Class Members and the State of California. *Id.* ¶ 37.

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

The Parties have also considered the potential risks and rewards inherent in any case and in particular, with this case. *Id.* ¶ 36. Plaintiffs face numerous risks in continued litigation, including and not limited to, bifurcation of discovery and/or trial, a denial of class certification, class de-certification after certification, adverse findings regarding exemptions from the California Labor Code and Industrial Welfare Commission Wage Orders, adverse findings regarding liability, adverse findings regarding damages and penalties (including and not limited to, court discretion to reduce civil penalties), potential appeals, and uncertainty in collecting on any judgment. *See id.* ¶¶ 36–37. Plaintiffs face the real possibility that if there is a recovery against Defendant after years of litigation and a lengthy and costly trial, the amount may be much less than the amount negotiated in this Settlement. *Id.* ¶ 37.

The Settlement, which provides for a Gross Settlement Amount of $4,476,098.00, provides substantial monetary recovery to Participating Class Members and the State of California, and is fair, reasonable, and adequate in light of the value of the claims and the significant risks of continued litigation. Similarly, all of the other Settlement terms for which Plaintiffs request approval and/or preliminary approval fall within the range of reasonableness.

## 2.  The Settlement Fairly Allocates and Distributes Payment

The proposed plan of allocation of the settlement funds is reasonable based on the nature of the employment of the Class Members. "[A]n allocation formula need only have a reasonable, rational basis, particularly if recommended by experienced and competent class counsel." *Nguyen v. Radient Pharm. Corp.*, 2014 WL 1802293, at *5 (C.D. Cal. May 6, 2014); *see Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 367 (S.D.N.Y. 2002).

Individual Class Payments will be calculated on a *pro rata* basis based upon the number of each Participating Class Member's Workweeks during the Class Period. Ex. 1, § 3.2.4. The definition of Workweeks as provided by the Settlement Agreement and its use for determining the allocation of Individual Settlement Payments is fair given

14

**LAWYERS** *for* **JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

that the vast majority of Class Members worked set schedules of either five consecutive eight hour days or four consecutive ten hour days Declaration of Adam Y. Siegel in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Approval of PAGA Settlement ("Siegel Decl.") ¶ 3-5. This differs significantly from the traveling nurses in *Grady v. RCM Technologies, Inc.*, 675 F. Supp. 3d 1065 (2023) whose scheduled hours and number of shifts worked per week could reasonably vary greatly from week to week and class member to class member. The number of Workweeks provided for in the Settlement Agreement is based on actual workweeks worked by putative class members, based on their payroll records, which ensures that the compensation tracks weeks in which the Class Member actually performed work and could have experienced the alleged violations without including weeks where a Class Member may have been on vacation or a leave of absence. Siegel Decl., ¶ 6. As such, the Parties believe that the current distribution method will efficiently and equitably compensate Class Members for harms that were likely occurring on a weekly or pay period basis. Considering the facts in the case, the allocation of the Net Settlement Amount on a Workweek basis is reasonable and rational. Parker-Fawley Decl. ¶ 42.

## VI.    APPOINTMENT OF CLASS REPRESENTATIVES AND CONTEMPLATED SERVICE PAYMENTS

The trial court has discretion to award incentives to the class representatives.[4] *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000). Courts routinely approve service/enhancement awards to class representatives for their time and efforts, and the risks they undertake on behalf of the class. *See, e.g.*, *Staton v.*

---

[4] In assessing the reasonableness of an incentive award, several district courts in the Ninth Circuit have considered the factors set forth in *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995): (1) the risk to the class representative in commencing a class action; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit, or lack thereof, enjoyed by the class representative as a result of the litigation. *See, e.g., In re Toys "R" Us-Del., Inc. FACTA Litig.*, 295 F.R.D. 438, 470 (C.D. Cal. 2014); *Covillo v. Specialty's Café*, 2014 WL 954516, at *7 (N.D. Cal. Mar. 6, 2014); *Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970, 986 (S.D. Cal. 2014).

*Boeing*, 327 F.3d 938, 976–78 (9th Cir. 2003) (discussing cases approving service awards in the range of $2,000 to $25,000).

Plaintiffs have spent considerable time and effort to produce relevant documents and past employment records and to provide the facts and evidence necessary to attempt to prove the allegations. Parker-Fawley Decl. ¶ 41; Johnson Decl. ¶¶ 4–8; Kennedy Decl. ¶¶ 4–7; Walker Decl. ¶¶ 4–6. Plaintiffs were available whenever Class Counsel needed them and actively tried to obtain information that would benefit the Class. Parker-Fawley Decl. ¶ 41; Johnson Decl. ¶¶ 4–8; Kennedy Decl. ¶¶ 4–7; Walker Decl. ¶¶ 4–6. Plaintiff Johnson prepared for and attended his deposition, and he spent approximately 99 hours in total working on this Action. Johnson Decl. ¶¶ 4–8. Plaintiff Kennedy also provided documents and information in preparation for his deposition and Initial Disclosures, and he spent approximately 87 hours in total working on this Action. Kennedy Decl. ¶¶ 4–7. Lastly, Plaintiff Walker also spent approximately 50 hours in total, consulting with Class Counsel, providing documents and information, and reviewing the Settlement Agreement. Walker Decl. ¶¶ 4–6. The Plaintiffs spent substantially more time and effort on this Action than the other Class Members.

Additionally, Plaintiffs took on risks by suing their former or, in the case of Plaintiff Johnson current, employer. Johnson Decl. ¶ 3; Kennedy Decl. ¶ 3; Walker Decl. ¶ 3. They were aware that by participating in a publicly-filed lawsuit, especially a class action, their names would be associated with a lawsuit against an employer. Johnson Decl. ¶ 3; Kennedy Decl. ¶ 3; Walker Decl. ¶ 3. They were mindful that potential future employers might find out that they sued their former employer, which would likely harm their reputation and future employment prospects. Johnson Decl. ¶ 3; Kennedy Decl. ¶ 3; Walker Decl. ¶ 3. Plaintiff Johnson bore the additional risk that bringing this lawsuit as a then-current employee of Defendant could result in conscious or unconscious retaliation against him by Defendant. "Enhancement awards are particularly appropriate in wage-and-hour actions" because named plaintiffs bear "a significant reputational risk for bringing suit against their former employers."

**LAWYERS** *for* **JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

16

*Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 267 (N.D. Cal. 2015) (quotation marks omitted). However, Plaintiffs agreed to accept these risks because they felt that important rights were at stake, and they wanted to make sure that both current and former employees would be compensated for these violations and no longer have to experience these issues. Johnson Decl. ¶ 3; Kennedy Decl. ¶ 3; Walker Decl. ¶ 3.

The Class Representative Service Payments will be paid in addition to any Individual Class Payment that the Class Representatives are entitled to receive as Participating Class Members. *Id*. Plaintiffs have not entered into any other settlement agreements with Defendant for the subject claims and will not receive any compensation for their wage and hour claims beyond their Class Representative Service Payments, Individual Class Payments, and Individual PAGA Payments.

In addition, the proposed Class Representative Service Payments are a small fraction of the Gross Settlement Amount. Plaintiff Johnson's proposed payment of $15,000 is approximately 0.3% of the Gross Settlement Amount. *See Patel v. TransUnion, LLC*, 2018 WL 1258194, *3, 7-8 (N.D. Cal. Mar. 11, 2018) (awarding a service award of $10,000.00, amounting to 25 times the average class member award and 0.125% of the gross settlement amount); *Emmons v. Quest Diagnostics Clinical Laboratories, Inc.*, 2017 WL 749018, *8 (E.D. Cal. Feb. 27, 2017) (awarding service awards of $8,000.00 each to both representatives, each having participated in the action for approximately 30 to 40 hours, amounting to roughly 14.5 times the average class member recovery and 0.3% of the gross settlement amount); *Rodriguez v. Kraft Foods Group, Inc.*, 2016 WL 5844378, *16 (E.D. Cal. Oct. 5, 2016) (awarding a representative service award of $10,000 to a plaintiff who demonstrated reputational injury where the Plaintiff participated in the action for roughly 40 hours, the average class member recovery was roughly $900.00, and the award constituted less than 0.5% of the gross settlement amount); *Spann v. J.C. Penney Corp.*, 211 F.Supp.3d 1244, 1265 (C.D. Cal. 2016) (citing *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 329 (C.D. Cal. 2016) (awarding a $10,000 service award, amounting to less than 0.25% of the

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

17

gross settlement amount, in recognition of the considerable time dedicated to the class, despite the fact that the award was likely to be at least 100 times larger than the average class member award); *Garcia v. Gordon Trucking*, 2012 WL 5364575, *2 (E.D. Cal. Oct. 31, 2012). The Ninth Circuit has also approved incentive awards of $5,000.00 where that amount made "up a mere .17% of the total settlement fund" even though the incentive award "was roughly 417 times larger than the $12 individual award" to unnamed class members. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 947 (9th Cir. 2015).

As such, it is appropriate and just for Plaintiffs to receive Class Representative Service Payments of up to $15,000.00 for Plaintiff Johnson, $12,500.00 for Plaintiff Kennedy, and $7,500.00 for Plaintiff Walker to compensate for the time, efforts, and risks that they undertook in this Action. Parker-Fawley Decl. ¶ 41.

## VII.  APPOINTMENT OF CLASS COUNSEL AND CONTEMPLATED ATTORNEYS' FEES AND COSTS

Class Counsel meet the requirements under Federal Rule of Civil Procedure 23(g). Class Counsel conducted extensive research, investigation, discovery, litigation, and analysis of the potential value of the claims. Parker-Fawley Decl. ¶¶ 26–28. Additionally, Class Counsel are highly experienced in wage-and-hour litigation and class action cases. *Id.* ¶¶ 18–23. Class Counsel have committed and continue to commit significant financial and staffing resources to representation in this matter. *Id.* ¶ 40. As such, it is appropriate to appoint Lawyers *for* Justice, PC to represent the Class.

The Settlement establishes a Gross Settlement Amount of $4,476,098.00 and provides for Class Counsel to apply for an award in an amount not to exceed 35% of the Gross Settlement Amount (i.e., $1,566,634.30) for attorneys' fees and for reimbursement of actual litigation costs and expenses of not more than $50,000.00.[5] Ex. 1, § 3.2.2. Class Counsel will file an appropriate motion or application in advance

---

[5] Litigation costs and expenses are currently estimated to be less than $40,000.00. Parker-Fawley Decl. ¶ 40.

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

of the Final Approval Hearing pursuant to Rule 23(h), requesting an award of attorneys' fees and reimbursement of litigation costs and expenses, along with evidence to demonstrate the work performed and expenses incurred in this matter.

In reviewing a fee award request, courts consider the following factors: (1) the results achieved; (2) whether there are benefits to the class beyond the immediate generation of a cash fund; (3) the risks of litigation; (4) the skill required of counsel and quality of the work performed; (5) the contingent nature of the fee and the foregoing by counsel of other work; and (6) the reactions of the class. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002); *In re Toyota Motor Corp.*, 2013 WL 3224585 (C.D. Cal. June 17, 2013). Of these factors, the most significant factor is the "degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

Given that the parties settled prior to class certification, the Court may also apply the following *Bluetooth* factors to examine the settlement for evidence of potential collusion: (1) when counsel receive a disproportionate distribution of the settlement; (2) when the parties negotiate a "clear sailing" arrangement providing for the payment of attorneys' fees separate and apart from class funds; and (3) when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund. *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011). However, these *Bluetooth* factors are merely "warning signs" and therefore do not compel the court to reject the settlement outright. *Koeppen v. Carvana, LLC*, 2024 WL 3925703, at *8 (N.D. Cal. Aug. 22, 2024). In *Bluetooth*, the Ninth Circuit explained that a "disproportion between the fee award and the benefit obtained for the class" does not make a settlement "per se unreasonable." 654 F.3d at 945. Rather, when faced with a disproportionate fee, "the Court is merely obligated to 'assure itself that the fees awarded in the agreement were not unreasonably high' in light of the results obtained for class members." *In re TracFone Unlimited Serv. Plan Litig.*, 112 F.Supp.3d 993, 1007 (N.D. Cal. 2015) (quoting *Bluetooth*, 654 F.3d at 947). Ultimately, the goal is to

19

award "reasonable compensation for creating a common fund." *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989).

In *Koeppen*, the district court approved Class Counsel's request for attorney fees, which was 35% of the settlement amount. 2024 WL 3925703, at *11. The court held that while the amount of attorney fees is higher than the Ninth Circuit's typical benchmark, "the upward adjustment for a fee award of 35 percent of the common fund is appropriate for several reasons," including the fact that the case had a relatively small fund of under $10 million, there were no objections either to the settlement or to the attorney's fees request, Class Counsel achieved substantial results in the case, and the fee award accounted for the risks that the plaintiff would face in further litigation. *Koeppen*, 2024 WL 3925703, at *11. The court also considered the need to encourage counsel to take on class action cases for plaintiffs who may not otherwise be able to afford hourly fees and referenced several other court cases that have concluded that a higher award was appropriate in employment class actions. *Id.*, at *12*; see also, e.g., Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491-92 (E.D. Cal. 2010) (citing recent wage-and-hour class actions where district courts approved attorneys' fee awards ranging from 30-33%); *Singer v. Becton Dickinson and Co.*, 2010 WL 2196104, at *8 (S.D. Cal. June 1, 2010) (approving attorneys' fees of one-third of the common fund and holding that the award was similar to awards in other wage-and-hour class actions where fees ranged from 30.3-40%); *Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841 (E.D. Cal. Nov. 14, 2007) (recognizing that "fee awards in class actions average around one-third" of the settlement).

Here, the attorneys' fees award provided for by the Settlement is reasonable, particularly in light of the time and effort expended by Class Counsel. Class Counsel litigated this case for over two years and was actively preparing for class certification, with the possibility of an unsuccessful outcome and no fee recovery of any kind. Parker-Fawley Decl. ¶ 26. Class Counsel engaged in significant formal and informal discovery and investigation into the claims. *Id.* ¶ 27. For instance, on October 11, 2022,

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

20

**LAWYERS** *for* **JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

Class Counsel propounded Requests for Production of Documents (Set One) and Interrogatories (Sets One and Two) on Defendant. *Id.* ¶ 7. Class Counsel also prepared for and took the depositions of Defendant's Persons Most Knowledgeable and prepared for and defended the deposition of Plaintiff Johnson. *Id.* ¶¶ 10–11. Furthermore, Class Counsel had extensive discussions with Defendant's counsel about the strengths and weaknesses of Plaintiffs' claims, and Defendant's defenses thereto, to try to resolve the Action. Parker-Fawley Decl. ¶ 26. The ongoing work has been extensive, demanding, and ultimately successful in achieving a substantial settlement resolution. Given the strengths and weaknesses of the claims and the risk and expense of further litigation, Class Counsel have achieved an excellent result on behalf of the Class and the State of California that is substantially higher than the potential discounted value of the claims.

In addition, although there is language indicating a "clear-sailing" provision, the Settlement Agreement does not establish any agreement between the Parties to pay Class Counsel a certain amount of attorneys' fees separate from the Gross Settlement Amount. The Settlement states that the "Defendant will not oppose requests for these payments provided that they do not exceed these amounts." Ex. 1, § 3.2.2. This Agreement was based on the model settlement agreement from the Los Angeles County Superior Court, where Plaintiffs initially filed their Motion for Preliminary Approval, and it does not reflect the Parties' intention to independently insert a "clear-sailing" provision in the Settlement or pay Class Counsel a certain amount of attorneys' fees separate from the Gross Settlement Amount. *Id.* ¶ 40. Therefore, despite the "clear-sailing" language, the Settlement Agreement provides for a reasonable allocation of attorneys' fees and costs considering the amount requested, the work performed, and the risks incurred. *See Koeppen*, 2024 WL 3925703, at *9 ("the clear sailing provision, though a *Bluetooth* warning sign, does not signal collusion under the circumstances presented"); *see also Vizcaino*, 290 F.3d at 1051. Plaintiffs' Counsel will present further detailed information regarding the hours of work performed on this case when they seek final approval of the Settlement Agreement and Class Counsel Fees Payment.

# VIII. CERTIFICATION OF THE PROPOSED CLASS IS APPROPRIATE UNDER RULE 23

Class certification under Rule 23(a) is appropriate where the plaintiff demonstrates the four requirements of Rule 23(a) (numerosity, commonality, typicality, and adequacy of representation), and one of the three requirements of Rule 23(b). *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). As the Court found in its prior Order regarding approval of the Settlement, the proposed Class meets all of these requirements. Dkt. No. 60, § II.A.3.

## A.  Numerosity

A class is sufficiently numerous if it is "so large that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). A reasonable estimate of the number of purported class members is sufficient to meet the numerosity requirement." *In re Badger Mountain Irr. Dist. Sec. Litig.*, 143 F.R.D. 693, 696 (W.D. Wash. 1992).

The proposed Class consists of approximately 2,838 individuals. Ex. 1, § 4.1. The proposed Class is sufficiently numerous for settlement purposes, and joinder of all Class Members would be impractical. *See Mazza v. Am. Honda Motor Co.*, 254 F.R.D. 610, 617 (C.D. Cal. 2008), *rev'd on other grounds*, 666 F.581, 593 (9th Cir. 2012) ("As a general rule, classes of forty or more are considered sufficiently numerous.").

## B.  Commonality

A class has sufficient commonality "if there are questions of fact and law which are common to the class." Fed. R. Civ. P. 23(a)(2). An affirmative showing of at least one question of law or fact satisfies this requirement.[6] Commonality has been found to exist when there is a common legal issue stemming from divergent factual predicates or a common nucleus of facts leading to different legal remedies. *Hanlon*, 150 F.3d at 1019.

Courts generally find commonality where "the lawsuit challenges a system-wide

---

[6] *Dukes v. Wal-Mart, Inc.*, 564 U.S. 338, 350 & 359 (2011); *see also Hanlon*, 150 F.3d at 1019 ("All questions of fact and law need not be common to satisfy the rule.").

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

practice or policy that affects all of the putative class members[,]" and divergent ways in which these practices affect individual Class Members, if any, do not undermine the finding of commonality.[7] Here, the Class Members seek remedies under wage-and-hour laws for violations arising from alleged common, uniform, and systematic practices which applied to all Class Members during the Class Period. Parker-Fawley Decl. ¶ 32; Johnson Decl. ¶ 10; Kennedy Decl. ¶ 9; Walker Decl. ¶ 8. Accordingly, the commonality requirement is satisfied for settlement purposes.

### C.   **Typicality**

The typicality requirement is satisfied where "the cause of the injury is the same," as here, and the injury claimed by the named plaintiffs are "similar" to that of unnamed class members. *Armstrong v. Davis*, 275 F.3d 849, 868-69 (9th Cir. 2001). They need not be "identical." *Id*. Here, Plaintiffs worked as non-exempt employees for Defendant. Johnson Decl. ¶¶ 2, 10; Kennedy Decl. ¶¶ 2, 9; Walker Decl. ¶¶ 2, 8. Plaintiffs' claims are typical of those of the Class Members for settlement purposes, though some factual differences may exist among them, as the claims arise from the same events or course of conduct and are based upon the same legal theories.

The typicality requirement is satisfied for settlement purposes as Plaintiffs' claims arise from the same factual basis and are based on the same legal theories as those applicable to all other Class Members. *See Welmer v. Syntex*, 117 F.R.D. 641, 644 (N.D. Cal. 1987).

### D.   **Adequacy of Representation**

Rule 23(a)(4) requires that (1) a class representative fairly and adequately protects the interests of the class, and (2) class counsel be qualified and competent to conduct the litigation. *In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d at 462. The requirement "tends to merge with the commonality and typicality criteria of Rule

---

[7] *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504–05 (2005); *Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975), *cert denied*, 429 U.S. 816 (1976).

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

23(a)."[8] The inquiry turns on whether "the named plaintiffs and their counsel have any conflicts of interest with other class members" and "whether the named plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class." *Hanlon*, 150 F.3d at 1020.

Plaintiffs' interests align with those of other Class Members for settlement purposes as all of them were employed by Defendant within the State of California. Johnson Decl. ¶¶ 2, 10; Kennedy Decl. ¶¶ 2, 9; Walker Decl. ¶¶ 2, 8. Plaintiffs' claims are typical of those of Class Members, which are confined to a defined group of similarly situated employees during the Class Period. Class Counsel is highly experienced in employment class action and complex wage-and-hour litigation, having handled hundreds of cases before and having been appointed Class Counsel in hundreds of other cases. Parker-Fawley Decl. ¶¶ 18–23. Plaintiffs contend that Class Counsel's experience in litigating similar matters was integral to obtaining the Settlement.

### E.    Predominance and Superiority

The proposed Class meets the requirements of Rule 23(b)(3) for settlement purposes because (1) common questions predominate over questions that affect individual members; and (2) class resolution is superior to other available means of adjudication. When assessing predominance and superiority, a court may consider that the proposed class will be certified for settlement purposes only. *See Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 618-20 (1997). Where the matter is being settled, a showing of manageability at trial is unnecessary. *Id.* at 620. At this stage, the relevant inquiry is "whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id.* at 618-20, 623; *see Hanlon*, 150 F.3d at 1022.

Here, the Class is sufficiently cohesive to warrant certification for settlement purposes. For settlement purposes, common questions of fact and law affecting Class

---

[8] *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997); *see also Manual for Complex Litig., Fourth* § 21.132 ("a settlement class must be cohesive").

Members predominate over any questions that may affect only individual members. For example, Defendant's alleged failures to properly pay Class Members for all hours worked and provide compliant meal and rest periods are alleged to arise from Defendant's uniform policies, practices, and procedures. As such, the questions of fact and law relating to these issues predominate for settlement purposes. *See* Parker-Fawley Decl. ¶ 32.

Moreover, a class resolution is superior to other available means for the fair and efficient adjudication of the controversy. *See Hanlon*, 150 F.3d at 1023. The superiority requirement involves a "comparative evaluation of alternative mechanism of dispute resolution." *Id.* Here, the alternative method of resolution is individual claims, subject to proof, for relatively small amounts of damages, which would be uneconomical for potential plaintiffs. *Id.* Therefore, a class resolution is superior to any other available methods.

## IX.    ADEQUACY OF THE METHOD OF NOTICE

"Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon,* 150 F.3d at 1025. A class notice must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). A class notice is adequate if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). The notice must also be "neutral and objective in tone, and should neither promote nor discourage the assertion of claims." *Schaefer v. Overland Express Family of Funds*, 169 F.R.D. 124, 131 (S.D. Cal. 1996).

///

Here, the proposed Class Notice provides the best notice practicable and is adequate. It provides information on, inter alia, how their Individual Class Payments and, if applicable, their Individual PAGA Payments are calculated, and the number of

**LAWYERS** *for* **JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

25

**LAWYERS** *for* **JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

Workweeks and, if applicable, PAGA Pay Periods credited to them. [Proposed] Order Granting Preliminary Approval of Class Action and Approval of PAGA Settlement ("Proposed Order") Ex. A, at 1. All of this information is "clearly and concisely state[d] in plain, easily understood language." Fed. R. Civ. P. 23(c)(2)(B).

The proposed Class Notice also fulfills the requirement of neutrality in class and collective notices. The proposed Class Notice summarizes the proceedings to date and the terms and conditions of the Settlement in an informative and coherent manner, and it recognizes that the Court has not yet granted final approval of the Settlement.[9] *See generally* Ex. A, at 2–3. The Class Notice sets forth the procedures and deadlines governing the Notice of Objection to the Class Settlement, Request for Exclusion from the Class Settlement, or dispute regarding Workweeks, and the date and time set for the Final Approval Hearing. *Id*., at 2, 3, 8, & 9. The proposed Class Notice satisfies all due process requirements and complies with the standards of fairness, completeness, and neutrality. *See generally* Ex. A. Accordingly, the Court should approve the proposed Class Notice.

All Class Members can and will be identified by Defendant through a review of their business records. After receiving the data from Defendant regarding each Class Member, the Administrator will mail a Class Notice to each of them.[10] Ex. 1, § 7.4.2. Accordingly, the proposed Class Notice is adequate and is the best notice practicable under Rule 23(c)(2)(B).

///

## X.    APPOINTMENT OF THE ADMINISTRATOR AND CONTEMPLATED ADMINISTRATION EXPENSES PAYMENT

The Parties have selected Phoenix Class Action Administration Solutions

---

[9] *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989) ("[C]ourts must be scrupulous to respect judicial neutrality" in overseeing the class action notice process and "avoid even the appearance of judicial endorsement of the merits of the action[.]").
[10] *See Elsen v. Carlisle & Jacqueline*, 417 U.S. 156, 175-77 (1974) (Individual notice by mail "is clearly the 'best notice practicable' within the meaning of Rule 23(c)(2)" where "all class members [] can be identified with reasonable effort").

26

("Phoenix" or "Administrator") to handle the notice and administration of the Settlement. Ex. 1, § 7.1. Phoenix will distribute and respond to inquiries about the Class Notice; determine the timeliness, validity, and/or completion of any Requests for Exclusion, Notices of Objection, and any disputes regarding Workweeks and PAGA Pay Periods; and calculate all amounts to be paid from the Net Settlement Amount. *Id.*, § 7.8.

The Administration Expenses Payment is currently estimated not to exceed $20,000.00 and will be paid out of the Gross Settlement Amount. *Id.*, § 3.2.3. Plaintiffs respectfully request that the Court appoint Phoenix as the Administrator and direct distribution of the Class Notice in the manner, and based on the proposed deadlines, set forth in the Settlement Agreement and Section XI, below.

## XI.    <u>DEADLINES FOR NOTICE AND ADMINISTRATION</u>

Plaintiffs respectfully request the Court to approve the proposed deadlines for the notice and settlement administration process. Within 30 calendar days of the date on which the Court enters an order granting preliminary approval of the Settlement, Defendant shall provide the Administrator with a complete list of all Class Members which will be formatted in a Microsoft Office Excel spreadsheet and will include (to the extent available) each Class Member's full name, last-known mailing address, Social Security number, and number of Class Period Workweeks and PAGA Pay Periods (collectively, "Class Data"). Ex. 1, § 4.2.

Within 15 calendar days of the date on which the Administrator receives the Class List from Defendant, using the data provided by Defendant in the Class List, the Administrator will mail the Class Notice to the Class Members via First Class U.S. Mail. *Id.*, § 7.4.2.

///
///
///
///

PLAINTIFFS' RENEWED NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

1    If any Class Notice is returned as undeliverable on or before the Response

2  Deadline, the Administrator shall promptly send via First Class U.S. Mail to the

3  forwarding address provided by USPS. *Id.*, § 7.4.3. If no forwarding address is

4  provided, the Administrator shall conduct a Class Member Address Search and re-mail

5  the Class Notice to the most current address obtained. *Id.* The Administrator has no

6  obligation to further attempt to locate or re-send Class Notices a second time. *Id.*

7    Class Members will have 45 calendar days from the original mailing of the Class

8  Notice, or if the Class Notice is re-mailed, the Class Member will have 59 calendar

9  days from the original mailing, to submit a Request for Exclusion, Notice of Objection,

10  or dispute regarding Workweeks and/or Pay Periods to the Administrator. *Id.*, § 7.4.4.

11    All Individual Class Payment checks will remain valid and negotiable for 180

12  calendar days from the date of their issuance. *Id.*, § 4.4.1. Such checks will be cancelled

13  if not cashed or deposited by the Participating Class Member or Aggrieved Employee

14  within the 180-day period, and the funds associated with such cancelled checks will be

15  deposited with the California Controller's Unclaimed Property Fund in the name of the

16  Participating Class Member or Aggrieved Employee whose check is cancelled, in his

17  or her respective amount. *Id.*, § 4.4.3.

18  **XI.    CONCLUSION**

19    For the foregoing reasons, Plaintiffs respectfully request that the Court grant

20  preliminary approval of the Class Settlement; grant approval of the PAGA Settlement;

21  appoint and designate Lawyers *for* Justice, PC as Class Counsel; appoint and designate

22  Tyrone Johnson, Terrence Kenedy, and James Walker as Class Representatives;

23  appoint Phoenix Class Action Administration Solutions as Administrator;

24  preliminarily approve the allocations for Class Counsel Fees Payment and Class

25  Counsel Litigation Expenses Payment, Class Representative Service Payments, and

26  Administration Expenses Payment; approve the allocation for PAGA Penalties;

27  approve the proposed Class Notice; direct the Administrator to undertake the notice

28  and settlement administration process in conformity with the deadlines and procedures

provided by the Settlement Agreement; and schedule a Final Approval Hearing to take place in approximately four months.

Dated: April 7, 2025

**LAWYERS** *for* **JUSTICE, PC**

By: _____

Elizabeth Parker-Fawley
*Attorneys for* Plaintiffs Tyrone Johnson, Terrence Kennedy, and James Walker

**LAWYERS** *for* **JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203